In the Matter of the Estate of JOSEPH B. CANN, Deceased.

Surrogate's Court, New York County, December 18, 1928.

*Gillman & Unger*, for the petitioner.

FOLEY, S. The application to vacate the decree denying probate to the alleged will and the request that such instrument be admitted to probate as the last will and testament of the decedent must be denied. The question involved is: May a will be admitted to probate without any proof of the handwriting of the requisite two subscribing witnesses? My answer is " no " because of our statutory requirements for the proof of a will. It appears that the paper was filed for probate in this court in the month of March, 1927. It is dated June 21, 1909. The only proof before the surrogate as to its authenticity and execution is proof that the paper was found among the personal effects of the deceased. In the original proceeding and at no time prior to the entry of the decree denying probate, was evidence adduced to identify the signature as that of the testator, but apparently from the present moving papers, that defect may be corrected. There still remains the entire omission of proof as to the genuineness of the hand-writing of any of the alleged subscribing witnesses, William Alanson Sage, William Mulray and W. H. Somers. It is contended by counsel for the proponent that a will may be admitted to probate in this State where proof of the authenticity of the signatures of the subscribing witnesses is lacking. So far as the surrogate has been able to ascertain by an examination of the cases, no such decision has ever been made by any of our courts. Indeed such a determination would be contrary to the policy of the State which surrounds the admission of wills with the strictest formality in order to prevent fraud. Moreover, such a practice, if recognized,

would supply a new and easy method for the fraudulent admission of a paper to probate. Sections 141 and 142 of the Surrogate's Court Act provide several alternative methods for proving an instrument as a last will: (1) The subscribing witnesses, when in the State and available, must appear and testify to the necessary formalities of execution (Surr. Ct. Act, § 141); (2) if one of the witnesses is dead or absent from the State or incompetent or ill, the surrogate may dispense with the testimony of such witness on proper proof and the will may be admitted upon the testimony of the other subscribing witness (Surr. Ct. Act, § 142); (3) if all the subscribing witnesses are dead or incompetent or absent from the State, the surrogate may dispense with their testimony and the will may be established *" upon proof of the handwriting of the testator, and of the subscribing witnesses "* (Surr. Ct. Act, § 142); (4) certain other provisions apply to cases where a subscribing witness has forgotten the occurrence or testifies against the execution of the will, but such cases also require the essential proof of the testator's signature and the subscribing witnesses' handwriting.

Section 144 compels the surrogate to inquire into all the facts and circumstances and provides that he must be satisfied with the genuineness of the will and the validity of its execution. It will be seen from a reading of section 142 of the Surrogate's Court Act, as italicized by me, that in every case the law requires that the handwriting of the subscribing witnesses must be proven.

In the paper offered here, which was apparently executed in Boston, there is an attestation clause and the written names of three alleged subscribing witnesses. The proponent states that he has endeavored to ascertain their whereabouts and has been thus far unsuccessful. The witnesses have not been identified and it has not even been established that these witnesses ever existed. The cases cited by counsel for the proponent have no application to the facts in this case. In the cases cited by him, arising in New York county, an examination of the records of this court shows that the subscribing witnesses' handwriting was proven and the authorities simply held that the regularity of execution might be inferred or presumed where there was an attestation clause. The English and Irish cases cited by him are not applicable because our statutory requirements contained in the Surrogate's Court Act and set forth above differ from the law of those countries. The essential requirement that the handwriting of the dead or missing subscribing witness must be established is emphasized by the decision of the Court of Appeals in *Matter of Hesdra* (119 N. Y. 615).

Submit order denying the application accordingly with leave to renew on presentation of the proof required by law.