In the Matter of the Estate of IDA E. WOOD, Deceased.*

Surrogate's Court, New York County, August 22, 1934.

*O'Brien, Boardman, Hewitt, Memhard & Early,* for petitioner Otis F. Wood.

*Talley & Lamb,* for Henry Wood, Bankers Trust Company, Blanche Wood Shields and others.

Various counsel for the numerous claimants.

FOLEY, S. A paper has been offered for probate, dated July 9, 1889, which is alleged to be the last will and testament of the decedent. It is undisputed that the executrix named in the will and one of the two legatees, Mary Elizabeth Mayfield, a sister of the decedent, predeceased her. It is also undisputed that the only other legatee, Emma Wood, described as the daughter of the decedent, died before the decedent. The will is ineffective and futile, therefore, either as a testamentary disposition, or as an instrument appointing an executor.

In such a situation, however, the will must be filed and disposed of either by way of admission or denial of probate. (*Matter of Davis*, 182 N. Y. 468; *Matter of Webb*, 122 Misc. 129; affd., 208 App. Div. 793; *Matter of Meyer*, 72 Misc. 566; *Matter of Bunce*, 6 Dem. 278; *Matter of Hermann*, 178 App. Div. 182; affd., 222 N. Y. 564.)

---

* See, also, 146 Misc. 275.

The leading case upon this rule is *Matter of Davis (supra)*. In that probate contest the only ground relied upon to defeat the will upon the trial was the fact that the sole devisee, sole legatee and sole executrix named therein had died before the testatrix. As a disposition of property, or a designation of a representative to administer the estate, the will was, therefore, entirely ineffectual. The Court of Appeals held that the surrogate had no power to refuse to admit the will to probate unless there was a failure to prove the statutory requirements.

The question presented here is whether there is proof under the statutes and decisions, sufficient to establish the will. One of the subscribing witnesses is dead. The identity or even the existence of the other subscribing witness, R. F. McCormack, has not been proven. Under the provisions of section 142 of the Surrogate's Court Act, if all the subscribing witnesses are dead or absent from the State, the surrogate may dispense with their testimony and the will may be established " upon proof of the handwriting of the testator, and of the subscribing witnesses."

In support of probate, certain testimony has been taken in this proceeding. The signature of the testatrix has been established as authentic. The handwriting of one of the subscribing witnesses, Benjamin Wood, has likewise been proven. The record is barren, however, of any proof of the handwriting of the other unidentified subscribing witness, " R. F. McCormack."

Under these circumstances, I am compelled to hold that the will is not entitled to be admitted to probate. (*Matter of Cann*, 136 Misc. 428; *Matter of Burbank*, 104 App. Div. 312; affd., 185 N. Y. 559; *Matter of Hesdra*, 119 id. 615.)

Numerous claimants, aggregating over two hundred in number, have appeared and filed bills of particulars wherein they assert that they are related in varying degrees of kinship to the decedent. The surrogate heretofore directed the attorneys for the proponent to investigate and attempt to ascertain the persons who were the next of kin of the decedent. It has been impossible, up to this time, to definitely identify and establish the kin. The determination of the persons who are entitled to take by intestacy will undoubtedly require a considerable period of time. There are temporary administrators functioning, but in view of my determination rejecting the will, it would appear that their functions should be terminated. In this situation, the public administrator should apply promptly for letters of administration. At the completion of the period required for the administration of the estate, a proceeding for the judicial settlement of his account may be initiated. It would appear appropriate that the determination as to the persons

who are the next of kin should be made in such accounting proceeding. Citation necessarily must issue in such proceeding to all of the persons who have asserted claims of kinship in the probate proceeding.

Submit decree on notice denying probate to the instrument.