In the Matter of the Estate of TIMOTHY F. McCARTHY, Deceased.

Surrogate's Court, New York County, August 12, 1942.

*Max Paley*, for Beatrice McCarthy, petitioner.

*Joseph A. Cox*, for James F. Egan, Public Administrator of the county of New York, respondent.

*Emanuel S. Klausner*, special guardian.

FOLEY, S. The application to strike out the notice of appearance and authorization of the public administrator and the answer and objections filed by him to the probate of the will of the decedent is denied.

Citation in the pending proceeding for the probate of the will was issued to " Mary McCarthy, also known as Ellen McCarthy, if living, if dead, to her heirs-at-law, next of kin, distributees, or their legal representatives, if any there be, whose names and addresses are unknown, and to any other heirs-at-law, next of kin, distributees, or their legal representatives of " the decedent, and service of the citation was made by publication. None of the parties named in the citation has appeared. A special guardian was appointed in behalf of the infants and the incompetents, if any, who and whose names are unknown. The other unknown next of kin are therefore not represented here. Although no process was served upon the public administrator, he has voluntarily appeared by his attorney and filed an answer and objections to the probate of the will. In behalf of the proponent of the will it is contended that the public administrator is not one of the persons entitled to file objections and therefore has no standing to appear in this proceeding.

By chapter 453 of the Laws of 1940 there was enacted, on the recommendation of the New York city members of the executive committee of the surrogates' association of the State of New York, a new article 8-a of the Surrogate's Court Act, relating exclusively to the powers and duties of public administrators. As stated in the bill note to that article: " In the new article 8-a archaic pro-

visions have been omitted, the text has been modernized where necessary, and clarification has been made of powers already existent though not adequately expressed. The authority of the respective public administrators has been made adequate to the needs of their administrative problems * * *. A major change has been made by the provisions which empower the surrogates to authorize the public administrators to act in behalf of a party who has been duly cited and who has failed to appear." The major change referred to is embodied in subdivision 19 of section 136-z of article 8-a of the Surrogate's Court Act, which authorizes every public administrator " to receive process in any proceeding pending in the surrogate's court when service of such process on him for account of or in behalf of any known or unknown person is directed by the surrogate; and in such proceeding to take any action in behalf of such person available to a party in interest in such proceeding."

Without any attempt to comment upon the present situation or the validity or invalidity of the will, it has been the experience of the surrogates that in certain cases, fortunately few, attempts have been made to perpetrate a fraudulent will in an estate where there are no known next of kin. While the vigilance of the surrogates might expose fraud in most cases, nevertheless the vigorous action of the attorney for the public administrator and his investigations of the facts would prevent in other cases perpetration of the fraud. (*Matter of Wood*, 159 Misc. 440.) The new legislation referred to above therefore presents a progressive advance in probate procedure for the protection of unknown next of kin who might be subsequently located, if intestacy were found. In the pending estate there are no known next of kin or distributees of the decedent and in the event his will is denied probate, letters of administration must issue to the public administrator. (*Matter of Wood*, 153 Misc. 128; Surr. Ct. Act, § 118, fourth par., cl. a.) He is therefore a proper and necessary party to the proceeding. The unknown next of kin are entitled to the adequate protection of a disinterested party. The public administrator's voluntary appearance herein will therefore be confirmed under the power vested in the surrogate under subdivision (19) of section 136-z of the Surrogate's Court Act.

Submit order on notice denying the application accordingly and confirming the voluntary appearance of the public administrator and authorizing him to take such steps in behalf of the possible unknown next of kin as he may deem necessary.