In the Matter of the Estate of MARIE F. K. RENARD, Deceased.

Surrogate's Court, New York County, February 8, 1943.

*Gibboney & Harris* for Stuart G. Gibboney, as ancillary administrator, c. t. a., petitioner.

*Willkie, Owen, Otis, Farr & Gallagher* for Max L. Van der Veen, and as attorneys in fact for Henri Couturier, respondent.

*Joseph A. Cox* for James F. Egan, Public Administrator of the County of New York, respondent.

*Francis A. McAnaney* (*Richard S. Treacy* and *Frederick J. Whelan* of counsel), of the office of Alien Property Custodian, for Henri Couturier, respondent.

DELEHANTY, S. Decedent was domiciled in the Republic of France. Her will was admitted to probate in that country. Ancillary letters of administration with the will annexed were issued by this court to the designated attorney in fact of one Henri Couturier, French notary, who was determined to be the lawful foreign administrator with the will annexed of the estate. (*Matter of Renard,* 157 Misc. 174.) The ancillary representative has accounted. In his petition he requested that the balance of the moneys and properties here accounted for be paid into court for the benefit of said Henri Couturier, as domiciliary representative of the estate. The respondent Couturier interposed to the petition an answer verified by a member of a firm of attorneys acting under a power of attorney recorded in this court. The answer requests that the moneys and properties constituting the distributable balance in the hands of the accountant be deposited with Brown Bros. Harriman & Company for the account of said Couturier subject to the orders of this court and any pertinent governmental regulations. All parties appearing herein have acquiesced in such disposition.

A notice of appearance " on behalf of Henri Couturier, a person within an enemy-occupied country " was interposed by an attorney who is therein described as " of the office of the

Alien Property Custodian.'' A letter written by the assistant to the Alien Property Custodian to such attorney designated him to represent and appear for the said Couturier in this proceeding and authorized him to take measures in behalf of Couturier from time to time as determined upon by the Alien Property Custodian or the latter's duly authorized representative. The Alien Property Custodian as an official has not appeared. He has not entered any order vesting in him or the United States any interest in this estate. The attorney so appearing contends that he is the sole and only person authorized to appear for and represent said Couturier and that under existing statutes and regulations the alien is not otherwise entitled to be heard by the court either by attorney in fact or by attorney at law. The attorneys appearing for the alien pursuant to the recorded power of attorney take issue with such contention. No attack is made upon the power of attorney recorded in this court on September 25, 1942.

At common law nonresident enemies were denied the right to prosecute actions in our courts. That rule has been embodied in the Trading with the Enemy Act. (U. S. Code, tit. 50, Appendix, § 7, subd. [b]; *Ex parte Colonna,* 314 U. S. 510; *Rothbarth* v. *Herzfeld,* 179 App. Div. 865, affd. 223 N. Y. 578; *Cohn* v. *Gismond Co., Inc.,* 203 App. Div. 453.) That act however does not wholly preclude a nonresident enemy from our courts. It provides that '' an enemy or ally of enemy may defend by counsel any suit in equity or action at law which may be brought against him.'' It is also established that a resident alien, subject of an enemy country, may prosecute and maintain actions in our courts. (*Arndt-Ober* v. *Metropolitan Opera Co.,* 182 App. Div. 513; *Hughes* v. *Techt,* 188 App. Div. 743, affd. 229 N. Y. 222, certiorari denied 254 U. S. 643; *Brown* v. *Morgan & Co., Inc.,* 177 Misc. 763; *Kaufman* v. *Eisenberg,* 177 Misc. 939.)

If a resident enemy alien may prosecute actions in our courts and if a nonresident enemy may defend by counsel, should it be said that the accredited attorney in fact of a friendly alien is to be denied the privilege of appearing in a proceeding to which his principal has been named a party respondent? The attorney acting under the letter of the Alien Property Custodian contends for such denial and relies upon paragraph 5 of Executive Order No. 9193 of July 6, 1942 as compelling denial. That order authorizes the Alien Property Custodian to issue regulations governing the service of process or notice upon any person within any enemy-occupied territory in connection with any court action and to take such other and further measures

in connection with representing any such person in any such action as in the judgment of the Alien Property Custodian may be in the interest of the United States.

The policy of our legislation affecting enemy aliens has never been to confiscate alien property rights or to relieve our own citizens from the duty of meeting their legal obligations. The policy has been to prevent the enemy during hostilities from obtaining profit or advantage through the acquisition or use of alien-owned property. The obvious purpose of that portion of the Executive Order before referred to is to withhold from the enemy in so far as possible the property of friendly aliens living in enemy-occupied countries. A like protective and non-. hostile policy is evidenced in the last two sentences of section 269 of the Surrogate's Court Act. The Executive Order whether examined alone or considered in the light of existing statutes and court decisions reveals no governmental intention either to confiscate property or to deprive an alien of his rights in property. Certainly it cannot be interpreted as expressing a policy more severe in respect of nationals of friendly nations than in respect of both resident and nonresident alien enemies. On the contrary the secondary purpose of the order obviously is to conserve through governmental intervention the property of those friendly aliens who by reason of enemy invasion of their countries are not in a position to protect their rights.

Couturier was named as respondent in this proceeding. His position is that of a defendant in an action and it is his privilege, if physically able, to appear and to be heard. '' Wherever one is assailed in his person or his property, there he may defend, for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations. A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal. That there must be notice to a party of some kind, actual or constructive, to a valid judgment affecting his rights, is admitted. Until notice is given, the court has no jurisdiction in any case to proceed to judgment, whatever its authority may be, by the law of its organization, over the subject-matter. But notice is only for the purpose of affording the party an opportunity of being heard upon the claim or the charges made; it is a summons to him to appear and speak, if he has anything to say, why the judgment sought should not be rendered. A denial to a party of the benefit of a notice would be in effect to deny

that he is entitled to notice at all, and the sham and deceptive proceeding had better be omitted altogether. It would be like saying to a party, Appear, and you shall be heard; and, when he has appeared, saying, Your appearance shall not be recognized, and you shall not be heard." (*Windsor* v. *McVeigh*, 93 U. S. 274, 277.)

The respondent Couturier has appeared by his attorneys in fact and has been heard by the court. The attorney designated by the Alien Property Custodian has appeared and has been heard. The court holds that it had the duty to hear them both. The alien has asserted no claim in conflict with the best interest of the United States. If such conflict had been shown the court would have been obliged to resolve it so as to protect the interests of the nation but the alien is entitled to present his views through his own chosen agent when he is able to make a choice. What the court will do in any case of conflict should be done only after giving the alien the hearing which elementary principles entitle him to demand.

The decree disposing of the property in consonance with the agreement of the parties has been signed.