In the Matter of the Probate of the Will of CARRIE SCHULTZ, Deceased.

Surrogate's Court, New York County, May 12, 1943.

*Sidney S. Bobbe* and *Max Schwartz* for Adolph Solomon, petitioner.

*Joseph A. Cox,* for James F. Egan, Public Administrator of the County of New York, respondent.

*Richard S. Treacy,* designated by Alien Property Custodian to represent Sarah Marks and others, persons within enemy-occupied territory, respondent.

*Donald T. Mullane,* special guardian for unknown infants.

DELEHANTY, S. A person who is a stranger in blood to deceased has presented as her last will and testament an instru-

ment of which he seeks probate. In his original petition the proponent asserted that the deceased left no surviving distributees. In his amended petition the proponent asserted that deceased left surviving possible distributees consisting of a sister and a niece. In the proceeding the proponent caused a citation to issue to these persons and as well to the Attorney-General and to the Public Administrator of this County.

Following these steps on the part of petitioner the Alien Property Custodian, acting pursuant to the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq.*) and the Executive Orders issued under that Act (Executive Order No. 9095, issued March 11, 1942, amd. Executive Order No. 9193 issued July 6, 1942; 7 Federal Register 1971, 5205) and the war powers of the President, designated an attorney to appear for named persons within enemy-occupied territory. Having been cited the Public Administrator appeared in the proceeding. In addition the court exercised the power residing in it by reason of section 64 of the Surrogate's Court Act and appointed a special guardian for infants and incompetents, if any, interested in the estate whose names were unknown.

The proponent now seeks to strike out the appearance of the Public Administrator and seeks an order vacating the order of the court which designated the special guardian. In the alternative the proponent seeks to vacate the notice of appearance filed by the attorney designated by the Alien Property Custodian.

Perforce the Trading with the Enemy Act and the Executive Orders the court and the parties must permit the appearance of the attorney designated to appear in the proceeding by the Alien Property Custodian. The rights which may enure to the benefit of the nation must be protected and the authority of the agency established by the Congress to intervene for the protection of the national rights is indubitable. In no event could the appearance of the attorney for the Alien Property Custodian be stricken out since on the face of the record there may be an interest in the assets of deceased on the part of persons residing in enemy-occupied territory.

It does not follow because the attorney designated by the Alien Property Custodian is entitled to appear that he has the sole right to appear in the proceeding.* This subject was discussed in *Matter of Renard* (179 Misc. 885). While in some set of circumstances there may be an overlapping of appearances, that is not an unmixed evil in wartime conditions. In fact it may be essential to the protection of all the rights involved. The

* See *Matter of Flaum*, 180 Misc. 1025.— [Rep.

Public Administrator is properly in the case because he has been cited. His appearance in the case is in any event confirmed by the court as proper and necessary (*Matter of McCarthy*, 178 Misc. 1004). The appearance of the special guardian will not be stricken out. He is here on the court's own direction for the protection of interests which the court deems to be entitled to special protection until the inquiry into the validity of the propounded instrument is completed.

The proponent should be prepared to meet any challenge to the instrument under which he claims the goods of deceased. He can in no event succeed in the probate of the paper propounded by him until he has offered proof sufficient to satisfy the court of " the genuineness of the will, and the validity of its execution " (Surrogate's Ct. Act, § 144). The court " must inquire particularly into all the facts and circumstances " (§ 144) attending the preparation and execution of the propounded instrument. It should have the willing acquiescence of the proponent in an inquiry which will search the whole transaction. Whether proponent so assents or not the court holds that the parties now before the court are each and every of them entitled to participate in the inquiry commanded by the statute cited.

Submit, on notice, order denying the application in all respects.