In the Matter of the Estate of ANTONIN CHAPAL, Deceased.

Surrogate's Court, Nassau County, September 9, 1943.

*Morris Rochman* for Charles H. Stoll and another, as successor executors and trustees.

*Edward B. Schulkind* for Claudia Chapal and others.

*Irwin Browner* for Francoise Hepworth.

*Edward A. McInnes,* Office of Alien Property Custodian, for Alice Pitois and others.

*Leo Fishel,* special guardian for unknown distributees of Alice Pitois and others.

*Fertig, Walter & Gottesman* for Indemnity Insurance Company of North America.

HOWELL, S. In 1935 eight persons residing in the city of Paris, France, and apparently citizens of that country, and having interests respectively in the estate of the decedent, made and executed a power of attorney constituting and appointing Edward B. Schulkind, Esq., attorney at law in the city of New York, as their attorney in fact to represent and act for them in all matters relating to any and all property coming to them in respect of the decedent's estate. Subsequently one of the eight died. In the present proceeding Mr. Schulkind has appeared in behalf of the other seven. The attorney designated by the Alien Property Custodian has also appeared.

The successor executors move to strike out the appearance of Mr. Schulkind upon two grounds, (1) that his principals are now nonresident alien enemies, and (2) that the death of one of the principals as a matter of law revoked the power of attorney.

The Appellate Division, First Department, has recently held that a French corporation, resident in occupied France, is a nonresident alien enemy so as to prohibit it from prosecuting in the courts of this country an action at law or in equity seeking relief as a plaintiff. (*H. P. Drewry, S. A. R. L.* v. *Onassis,* 266 App. Div. 292, revg. 179 Misc. 578.)

That case does not, however, in my opinion, completely answer the question whether a French citizen now resident in occupied France, having an interest in an estate in this country, who has been duly made a party to a proceeding in this court involving that estate, must be represented here by an attorney designated by the Alien Property Custodian alone without the right of his duly appointed attorney in fact in this country to appear also in his behalf. Indeed, Surrogate DELEHANTY as recently as May 12, 1943 (*Matter of Schultz,* 180 Misc. 1023),

following his previous decision in *Matter of Renard* (179 Misc. 885), held that the statute and regulations do not compel the denial of the right of an accredited attorney in fact of a French citizen residing in occupied France who was in fact a " friendly alien " to appear for him in a proceeding in the Surrogate's Court in this State in conjunction with the attorney designated by the Alien Property Custodian, it being the court's duty, as Surrogate DELEHANTY there said, to hear both representatives, namely, the attorney for the Alien Property Custodian and the attorneys for the attorney in fact of the alien resident in France.

That the question is an unsettled one appears furthermore from the recent decisions of the Circuit Court of Appeals, Second Circuit, on August 18, 1943, involving the status of natives of Austria. (*United States ex rel. Zdunic* v. *Uhl*, 137 F. 2d 858; *United States ex rel. Schwarzkopf* v. *Uhl*, 137 F. 2d 898; *United States ex rel. D'Esquiva* v. *Uhl*, 137 F. 2d 903.)

Under the circumstances and present state of the decisions, I am unwilling to hold that a duly appointed attorney in fact of an alien French citizen resident in occupied France, duly cited as an interested party in an estate in this court, may not appear and be heard together with the attorney designated by the Alien Property Custodian.

The second ground of the motion, however, is that the power of attorney is joint with respect to the principals so that the death of one worked a revocation of the power. In the case of *Unterberg* v. *Elder* (211 N. Y. 499), cited by the executors in support of their contention, the question involved was not whether the principals acted jointly but whether the power of attorney to the agents was joint as to them. The court said that an authority conferred by a principal upon two or more agents is presumed to be joint, but that the rule is not inflexible and yields to indications of a contrary intent, which indications may be sought for in the surrounding circumstances, in the terms of the power given, and in the course of dealing between the parties. In that case the court had before it no evidence either of surrounding circumstances or a course of dealing and was thus confined to the terms of the power, and could find nothing therein indicating an intent to create a joint and several power rather than a joint power. It is urged that the same rule does and should apply to the principals, and that consequently the power with respect to the principals should be presumed to be joint in the absence of indications of a contrary intent (Restatement, Agency, §§ 41, 123).

The background against which the power of attorney here involved was executed is as follows: The decedent died a resident of this county and his estate was being administered in this court. The persons who executed the power of attorney had varying interests in that estate, were residents of France, and resided in the city of Paris in that country. It was obviously necessary that they be represented by an attorney in this country and in this court in proceedings involving the decedent's estate. Apparently each of those eight persons desired Mr. Schulkind to exercise that function. I cannot bring myself to the conclusion that by reason of the fact that all eight executed the instrument appointing him as attorney in fact rather than each executing a separate instrument appointing him as such attorney in fact, it made the power a joint one. To so conclude would impute to those principals an intention that the power should *ipso facto* be revoked if any one of them should die.

When the instrument, therefore, is considered in the light of that background, I reach the conclusion that it should be construed as constituting a power which continued valid with respect to the other principals when one of them died.

The motion to strike out the notice of appearance is therefore denied.

Submit decree on notice.