In the Matter of the Estate of Niels F. J. Miller, Deceased.

Surrogate's Court, New York County, November 15, 1943.

*Joseph A. Cox* for James F. Egan, Public Administrator of the County of New York, petitioner.

*Alfred J. Bedard* for Georg Beck, as Consul General of Denmark at New York, respondent.

*Martin Kastengren,* Consul General of the Kingdom of Sweden at New York, for Emma Moller, a resident of Sweden, respondent.

*Charles F. Fish,* attorney designated by the Alien Property Custodian to represent Ludwig Moller and others, persons within enemy-occupied territory.

DELEHANTY, S. On the settlement of the decree in this accounting proceeding a question is raised respecting the method of payment of shares due to Danish citizens. The Consul General of Denmark seeks payment of such shares to him for deposit in a blocked account and offers in proof of his right to receive such payment a license from the Treasury Department which in general terms permits the Royal Danish Legation and all consular officers of Denmark within the United States to represent any national of that country in estate administrations and to receive payment of any distributive shares by deposit in a blocked account. In the license however there is contained a provision that it " does not affect the applicability

to the transactions * * * of * * * General Orders Nos. * * * 20 issued by the Alien Property Custodian ''.

In General Order No. 20 the Alien Property Custodian has provided against the payment of any property '' to or for the benefit of any designated enemy country or designated national, unless '' the Alien Property Custodian (1) has issued a consent to the payment or (2) has filed a written statement that he has determined not to represent the designated national or (3) has actually represented such designated national and has been served with written notice of the proposed payment and has not within ninety days after such notice exercised any authority in respect of such property. Under this order the phrase '' designated national '' is defined to mean '' any person in any place under the control of a designated enemy country ''. Under the same order the phrase '' designated enemy country '' includes Germany. (Feb. 9, 1943, 8 Federal Register, p. 1780.)

It is a matter of common knowledge that the whole of Denmark is under the control of Germany. It follows that no payment may be made to the Consul General as requested unless the consent of the Alien Property Custodian is given to such payment or, in the alternative, unless the Alien Property Custodian has determined not to represent the proposed payee or has neglected for ninety days to exercise his authority over the property after having written notice of the distribution which is proposed.

In the current record the petition and citation propose a payment into the city treasury for account of the distributees resident in Denmark. The Alien Property Custodian has appeared in this accounting proceeding. He has not consented to any payment other than such as is proposed in the petition and citation. His consent to such payment is evidenced only by his silence. Nowhere in the record is there any evidence of a *proposal* to pay the shares of the distributees to the Danish Consul General. The latter seeks such payment but that act of his is not within the terms of the General Order No. 20 quoted above.

The question presented is whether on this record the fund shall be deposited pursuant to the terms of section 269 of the Surrogate's Court Act or paid to the Consul General of Denmark. The court holds that it is constrained by the terms of the Executive Order setting up the Office of the Alien Property Custodian (Executive Orders No. 9095 and 9193, issued March 11, 1942, and July 6, 1942, 7 Federal Register, pp. 1971, 5205) and by the terms of General Order No. 20 issued by the latter pursuant to executive authority. Accordingly it directs that the

funds in controversy be paid into the city treasury to the credit of the named distributees. They in any event are unable at the present time to enjoy the benefit of such property and so the terms of section 269 of the Surrogate's Court Act are directly applicable to the funds.

The decree providing for such payment into the city treasury has been signed.