[L. A. No. 19147. In Bank. Feb. 2, 1945.]

THE FARMERS AND MERCHANTS NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Executor, etc., Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Bodkin, Breslin & Luddy and George M. Breslin for Petitioner.

Herbert Wechsler, Assistant United States Attorney General, Charles H. Carr, United States Attorney, A. Matt. Werner, Harry LeRoy Jones, Albert Parker, J. A. Fridinger, Irving Jaffe, George A. McNulty and John Ernest Roe as Amici Curiae on behalf of Petitioner.

J. H. O'Connor, County Counsel, and S. V. O. Prichard, Assistant County Counsel, for Respondents.

EDMONDS, J.—The question presented by the application of The Farmers and Merchants Bank of Los Angeles, as executor of the estate of Jacob Kahan, for a writ of mandate concerns the jurisdiction of the probate court to proceed with the administration of his estate in the absence of proof that notice of the hearing of the petition for probate of his will was given to certain devisees residing in Ukraine, Russia. At the time the will was filed Ukraine was occupied by the armed forces of Germany, and postal and other communications with persons in that state were prohibited by the Trading with the Enemy Act (50 U.S.C.A.App. § 3, subsec. c).

As grounds for the issuance of the writ, the bank has alleged these facts: The petition for the probate of will included the names of the devisees thereunder and stated that two of them reside in Ukraine, Russia. A notice of the hearing of the petition was sent to these heirs by mail addressed to them in care of the Alien Property Custodian, Washington, D. C. When the petition came on for hearing, there had been filed in the proceeding a letter from the Alien Property Custodian acknowledging receipt of the notices and stating: "As provided in General Order No. 6, the Custodian will, within sixty days, determine whether or not he will accept service of the notice."

The custodian did not, within sixty days or at all, accept service, but almost one year after the will was admitted to probate, he entered a general appearance for the Russian devisees, and thereupon filed in their behalf a waiver of the

failure to comply with the provisions of section 328 of the Probate Code and the Custodian's General Order No. 6. Following an order admitting the will to probate, the court held that it had no jurisdiction to do so and refused to proceed further with the hearing of a petition for confirmation of a sale of property of the estate. By demurrer and answer to the petition for the writ of mandate, the respondent court asserts that the order admitting the will to probate and the purported letters testamentary issued to the bank as executor are, and each of them is, void for want of jurisdiction, but the facts alleged in regard to the administration of the estate are expressly admitted.

Section 327 of the Probate Code provides for notice by publication of the hearing of a petition for probate of a will. By the terms of the following section, "At least ten days before the hearing, copies of the notice must be personally served upon the heirs of the testator and the devisees and legatees named in the will . . . or mailed, postage prepaid, from a postoffice within this state, addressed to them at their respective places of residence, if known to the petitioner, if not, at the county seat of the county where the proceedings are pending." (§ 328.) The bank asserts that jurisdiction to admit a will to probate is obtained by the filing of the petition and the publication or posting of notice; the mailing of copies of the notice is not mandatory and, accordingly, may be excused where useless or impossible. In any event, says the bank, the Alien Property Custodian is empowered to represent the Russian devisees and, as notice was mailed to and received by him, the failure to accept service is immaterial for jurisdiction is acquired by the mailing of notice. In his brief as amicus curiae, the Alien Property Custodian states that he is properly authorized to represent aliens in enemy-occupied territory and, although he asserts that the notices mailed to him did not amount to a compliance with the terms of section 328, he argues that jurisdiction vested in the superior court upon his general appearance therein.

In support of its action, the respondent court takes the position that compliance with the terms of section 328 of the Probate Code is mandatory and, as it appears from the judgment roll that copies of the published notice were not mailed to the Russian devisees at the addresses shown in the petition for probate, it was without jurisdiction to proceed in the matter. Moreover, says the respondent, since occupation of the

Ukraine by the German army made communication with or notice to the Russian devisees impossible, constructive service by publication or posting under section 327 of the Probate Code was a nullity and ineffectual as a basis for jurisdiction over the parties. It is conceded, however, that either service upon the custodian as representative of the Russians or a general appearance by him in their behalf, prior to entry of the order admitting the will to probate, would vest jurisdiction in the superior court. But jurisdiction was not acquired upon either of these grounds for the reason that, first, the custodian did not accept service within sixty days as required by his rules and regulations, and, second, his appearance in the proceedings was made subsequent to the entry of the order admitting the will to probate. Accordingly, the respondent concludes, the order admitting the will to probate and all subsequent proceedings are void.

As there is no vested right to succession, it is subject to such conditions and limitations as the Legislature may prescribe. (*Estate of Perkins,* 21 Cal.2d 561, 569 [134 P.2d 231].) The statutory requirements must be followed and the courts are powerless to make exceptions not provided by the Legislature. (*Estate of Davis,* 136 Cal. 590, 595 [169 P. 412].) Courts should be particularly alert to require compliance with statutory provisions relating to constructive notice, for a departure therefrom constitutes a denial of due process. (5 Cal.Jur. 874.) In addition to the publication or posting of notice required by section 327, the Legislature has prescribed that copies of the notice "must" be personally served or mailed in the stated manner. The terms employed are mandatory, and no exceptions are provided.

As justifying the orders made in the probate proceeding, the bank relies upon *Murray* v. *Superior Court,* 207 Cal. 381 [278 P. 1033], and *Nicholson* v. *Leatham,* 28 Cal.App. 597 [153 P. 965, 155 P. 98], which, it declares, construe section 328 as a directory statute. But each of them was decided upon a record showing that the names of the heirs to whom notice was not mailed were omitted from the petition for probate and, accordingly, the failure to comply with the statutory requirement was not apparent upon the face of the judgment roll. These decisions are therefore authority only for the proposition that the omission of the name of a known heir in a petition for the probate of a will does not affect the juris-

diction of the court, and such error may only be remedied by an independent suit in equity as distinguished from a collateral attack upon the order admitting the will to probate; they do not deal with the failure to mail notices to an heir named in the petition.

The distinction to be made in cases such as those relied upon by the petitioner and one where the failure to give notice appears upon the face of the judgment roll, is stated clearly in *Estate of Ivory*, 37 Cal.App.2d 22, 28-30 [98 P.2d 761]. There the judgment roll showed that notice had not been given to a named heir and, distinguishing the Murray and Nicholson cases, it was held that an order admitting a will to probate which includes the names of known heirs who have not been notified of the hearing is void upon its face, and the probate court, at least up to the time of closing the estate, has power to set it aside.

In the present case, the jurisdictional defect was cured by the general appearance on behalf of the Russian heirs. Section 1014 of the Code of Civil Procedure provides that, among other methods, a party appears "when an attorney gives notice of appearance for him." Such an appearance invokes the general jurisdiction of the court over the party, when it is in the form of a written notice filed in the action for that purpose (*Davenport* v. *Superior Court*, 183 Cal. 506 [191 P. 911]), and the rule is equally applicable in probate proceedings (*Estate of Katz*, 192 Cal. 494 [221 P. 340]). In addition to the appearance made by the Alien Property Custodian, he also filed an express notice of waiver of any failure or omission to serve or mail any notice required by the Probate Code. Although the respondent court concedes that the general appearance of the Russian heirs prior to the order admitting the will to probate would justify its jurisdiction, the argument is advanced that because such appearance was made subsequent to the order, it is ineffective to remedy the defect arising from noncompliance with section 328 of the Probate Code. No such distinction is made in the law of this state. In accord with the great weight of authority (Ann.Cas. 1914C 694; 3 Am.Jur. 795, Appearances § 22; 6 C.J.S. 61, Appearances § 20), this court has held that a general appearance made after entry of judgment has the effect of curing any defect arising from the lack of jurisdiction due to the failure to serve or notify a person of the proceedings (*Thompson* v. *Alford*, 135 Cal. 52 [66 P. 983]*;

*Security etc. Co.* v. *Boston etc. Co.,* 126 Cal. 418 [58 P. 941, 59 P. 296]; *Douglass* v. *Pacific M. S. S. Co.,* 4 Cal. 304), and a judgment based upon such an appearance is valid.

The general appearance of the Russians through the Alien Property Custodian is of no effect, however, unless the custodian was properly authorized to represent them in the probate proceedings. The respondent court does not deny but agrees with the contention of the petitioner and the custodian that the latter was authorized to represent the Russians pursuant to Executive Order No. 9095 (7 Fed.Reg. 1971), as amended by Executive Order No. 9193 (7 Fed.Reg. 5205), which orders were made according to the authority granted the President under the Trading with the Enemy Act of 1917 (50 U.S.C.A. App.) as amended by the First War Powers Act of 1941 (50 U.S.C.A.App.). Notwithstanding, therefore, that no issue exists in the present controversy as to the authority of the custodian to represent alien devisees residing in enemy occupied territory, it may be observed that when the same question arose in the First World War under the Trading with the Enemy Act, *supra,* the custodian was held to have broad powers in regard to the property interests of aliens (*United States* v. *Chemical Foundation,* 272 U.S. 1 [47 S.Ct. 1, 71 L.Ed. 131]; *Stoehr* v. *Wallace,* 255 U.S. 239 [41 S.Ct. 293, 65 L.Ed. 604]; *Garvan* v. *$20,000 Bonds,* 265 Fed. 477, affirmed in 254 U.S. 554 [41 S.Ct. 214, 65 L.Ed. 403]; *Farmers' L. & T. Co.* v. *Hicks,* 9 F.2d 848; *American Exch. Nat. Bank* v. *Garvan,* 273 F. 43; *Kahn* v. *Garvan,* 263 F. 909; *In re Shafer's Estate,* 50 S.D. 232 [209 N.W. 355]; *Keppelmann* v. *Keppelmann (Palmer),* 91 N.J.Eq. 67 [108 A. 432]; see: *Estate of Bosse,* 185 Cal. 666 [200 P. 412]; 137 A.L.R. 1328; 137 A.L.R. 1335, 1338), and there is no reason to believe that a different conclusion will be reached in the construction of the statute as amended by the First War Powers Act, *supra.* (*Chapal's Estate,* 45 N.Y.S.2d 237; *Miller's Estate,* 181 Misc. 88 [45 N.Y.S.2d 485]; *Renard's Estate,* 39 N.Y.S.2d 968; 150 A.L.R. 1418; see: *Draeger Shipping Co.* v. *Crowley,* 49 F.Supp. 215; cf. *The Pietro Campanella,* 47 F.Supp. 374.)

A writ of mandate will therefore issue commanding the Superior Court of the County of Los Angeles to proceed with the administration of the Estate of Jacob Kahan, Deceased.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.