In the Matter of the Probate of the Will of OLGA S. NODING, Deceased.

Surrogate's Court, New York County, September 19, 1946.

*John F. X. Browne* for Cleo M. Bunker, proponent.

*Joseph A. Cox* for Francis J. Mulligan, Public Administrator of the County of New York, objectant.

*Walter A. Donnelly,* special guardian for Sverre Svenkeson, alleged incompetent.

DELEHANTY, S. There has been offered for probate as the last will and testament of deceased an instrument disposing of

---

[*] See, also, *Greenberg* v. *Karnetsky,* 188 Misc. 674.— [REP.

deceased's estate in this country to others than her distributees. The distributees are residents of Norway. Under the terms of the purported will certain of the distributees share one half of such estate as there may be in Norway, but it appears from the papers submitted by proponent upon the instant motion that the deceased left no assets outside of this country. Citation in the probate proceeding was served upon the distributees by publication. Pursuant to subdivision (19) of section 136-z of article VIII-a of the Surrogate's Court Act, an order was made authorizing the Public Administrator of the County of New York to appear for the nonresident distributees and to take the steps necessary to protect their interests in the probate proceeding. No appeal was taken from such order and the time to appeal has expired. The proponent of the instrument now moves to strike out the appearance of the Public Administrator. The special guardian appointed for an incompetent brother of deceased joins in the motion to the extent that it seeks to strike out the appearance of the Public Administrator on behalf of such incompetent.

Article VIII-a was added to the Surrogate's Court Act by chapter 453 of the Laws of 1940. Referring to subdivision (19) of section 136-z, the legislative note appended to the proposed legislation states: '' A major change has been made by the provisions which empower the surrogates to authorize the public administrators to act in behalf of a party who has been duly cited and who has failed to appear. This power will enable the surrogates to designate the public administrators in those instances where creditors or beneficiaries reside in the war-torn areas of Europe and are unable to appear for themselves and protect their interests. In most cases service upon such persons must now be made by publication. The experience of the surrogates indicates that such service does not, in fact, give actual notice. The surrogates can protect the rights of such parties by designating the public administrators to act for them if the proposed bill is enacted.''

It is apparent from the legislative note that the statute was enacted to meet the precise situation here existing. Although the guns of World War II are silent the state of war has not terminated. The conditions in the ravaged countries of Europe still remain far from normal and residents of those countries struggling for an existence under conditions of economic chaos and political turmoil cannot be said to be in a position to procure for themselves adequate representation in a legal pro-

ceeding pending in this State. The distributees are plainly entitled to the protection of the statute (*Matter of Schultz,* 268 App. Div. 966, affg. 180 Misc. 1023; *Matter of Lachat,* 184 Misc. 486; *Matter of McCarthy,* 178 Misc. 1004).

On the authorities cited and in the exercise of its discretion the court denies the motion.

Objections to the propounded instrument are directed to be filed on or before September 24, 1946, and the matter is ordered placed upon the nonjury calendar for trial at the October Trial Term.

Submit, on notice, order accordingly.