## In the Matter of the Probate of the Will of ALFRED R. WIBERG, Deceased.

Surrogate's Court, Queens County, March 16, 1950.

*Lieberman & Rubinovitz* for Karoline Hansen, proponent.

*George W. Herz* for John C. Glenn, as Public Administrator of Queens County.

SAVARESE, S. Testator died on November 27, 1949, leaving no spouse or issue. His distributees are three brothers and a sister who are residents and nationals of Norway. By the terms of the instrument, offered for probate as his last will and testament, testator gave legacies of $250 each to two persons, unrelated to

him, and the residue to his sister. One of the pecuniary legatees, who was named with another " administrators of the estate," has petitioned for probate. All the distributees have appeared in person, waived the issuance and service of a citation and consented that the propounded instrument be admitted to probate. Petitioner named the public administrator as an interested party and caused a citation to be served upon him. Thereafter his counsel served and filed a formal notice of appearance for him. Upon the return date counsel requested an oral examination of the subscribing witnesses, whereupon the attorney for the proponent orally moved to strike out the appearance of the public administrator upon the ground that he was not a person interested in the proceeding.

A public administrator is authorized to receive process in any proceeding pending in the Surrogate's Court when service of such process on him for account of or in behalf of any known or unknown person is directed by the surrogate. (Surrogate's Ct. Act, § 136-z, subd. [19].) Such authority, however, is operative only after default of appearance by such person in the proceeding. (Surrogate's Ct. Act, § 136-z, subd. [23].) Here no direction was made by the Surrogate. The public administrator, nevertheless, contends that he has the right to appear in the proceeding under the provisions of section 147 of the Surrogate's Court Act which defines the persons who may file objections to the probate of an alleged will. There it is provided that " Any person interested in the event as a devisee, legatee or otherwise, in a will or codicil offered for probate   *   *   * " may file objections thereto. He points out that, if the instrument is denied probate, none of the distributees would be qualified to act as administrator. (Surrogate's Ct. Act, § 94, subd. 3.) In such situation he would have a prior right to letters of administration. (Surrogate's Ct. Act, § 118, subd. 6, cl. a.) Even though the distributees have consented to probate, it is the duty of the Surrogate, before admitting the propounded instrument to probate, to inquire particularly into all the facts and circumstances to the end that he be satisfied with the genuineness of the will and the validity of its execution. (Surrogate's Ct. Act, § 144.) The propounded instrument is not a will until it has been admitted to probate. The right to administer an estate is a sufficient interest to entitle the person in whom it is vested to contest the probate of a will. (*Matter of Davis,* 182 N. Y. 468; *Matter of Browning,* 274 N. Y. 508.) The right is a substantial one and may be asserted and protected up to and until the entry

of a final decree admitting the purported instrument to probate. My conclusion is that the public administrator is a person " otherwise " interested in the proceeding under the provisions of section 147 of the Surrogate's Court Act and, therefore, his application to examine the subscribing witnesses is granted, and proponent's motion to strike out his appearance is denied. Submit order accordingly.