■ In the Matter of the Probate of the Will of SABINE C. SCHINDHELM, Deceased. SELMA WIPPER, Appellant; JOHN C. GLENN, as Public Administrator of Queens County, Respondent.— In a proceeding to probate a will, the petitioner appeals from an order of the Surrogate's Court, Queens County, dated January 12, 1960, denying her motion to strike out the appearance, authorization and objections to probate filed by respondent, the Public Admin-

istrator of Queens County. Order reversed, with $10 costs and disbursements, payable to petitioner out of the estate, and motion granted to the extent of striking out respondent's said objections, with leave to respondent, if he be so advised, to serve and file, within 15 days after entry of the order hereon, a verified pleading setting forth allegations of fact from which it will appear that respondent is interested in the estate as a reasonably probable appointee to represent the decedent in the administration of her estate. The court appointed a special guardian on behalf of unknown distributees. The special guardian consented to act and filed objections to probate. The court directed service of citation upon respondent. Respondent filed a notice of appearance, an authorization for his attorney to appear for him, and objections to probate. Upon challenge by petitioner the respondent's status in this proceeding was confirmed by the court on the basis of subdivision (19) of section 136-z of the Surrogate's Court Act, which authorizes respondent to represent unknown persons. We are of opinion that such function of respondent is a burdensome or unnecessary duplication of the function for which the special guardian was appointed. Respondent claims that as a person who might be entitled to letters of administration in the event of failure to prove the propounded instrument (Surrogate's Ct. Act, § 118), he is entitled to appear in the proceeding as matter of right. But there is no pleading or affidavit which sets forth any facts showing such possible interest in respondent. Petitioner is described in the propounded instrument as a cousin of decedent and is named the, executrix therein. The present state of proof establishes that there are resident first cousins who would be entitled to priority over respondent with respect to appointment as administrator. Petitioner has been appointed and has qualified as temporary administratrix. An earlier will has been filed in the court, and it describes additional blood relatives of decedent who might be entitled to letters of administration. We are of opinion that the record as a whole establishes prima facie that decedent's statutory distributees have been named and served. Any issue against such prima facie showing should be raised by suitable pleading, and tried if necessary. (See Surrogate's Ct. Act, § 76.) The present facts are distinguishable from those in cases where it appeared clearly, before or after trial, that the Public Administrator would be entitled to letters of administration (cf. *Matter of Noding,* 188 Misc. 821; *Matter of Wiberg,* 197 Misc. 511; *Matter of McCarthy,* 178 Misc 1004; *Matter of Schultz,* 180 Misc. 1023, affd. 268 App. Div. 966; *Matter of Kemp,* 123 N. Y. S. 2d 417; *Matter of Kestel,* 98 N. Y. S. 2d 721, affd. 277 App. Div. 883). Beldock, Acting P. J., Ughetta, Christ and Brennan, JJ., concur; Pette, J., dissents and votes to affirm, with the following memorandum: The mere fact that the petition for probate, or the propounded paper itself, recites that the petitioner is a "cousin" of the decedent does not establish a prima facie showing of such relationship. The allegation in the petition is a self-serving declaration not per se probative of the status claimed (*Matter of Erlanger,* 145 Misc. 1, 89–94), and is legally valueless as an evidentiary basis upon which to uphold such status (31 C. J. S., Evidence, § 216). The propounded instrument likewise fails as a present source of proof of petitioner's status because it is not a will until it has been admitted to probate (*Matter of Wiberg,* 197 Misc. 511, 512). Under the circumstances, I fail to perceive how it may be held that the petitioner made a prima facie showing of kinship to decedent which the Public Administrator must rebut by suitable pleading showing prior entitlement to letters. I would hold that the petitioner's inchoate status must first be established by independent evidence before her hearsay and self-serving declaration of relationship be accepted (*Matter of Wood,* 164 Misc. 425, 433–434 [Foley, S.]), particularly where, as in the **instant** proceeding, the Surrogate has found that to date the petitioner's proof of status

has rested upon affidavits unsupported by any documentary evidence. In addition, it appears that the petitioner is offering for probate an instrument purportedly left by decedent when she died at 84 years of age, and which was executed when she was 81 years old. The existence of two other testamentary instruments by decedent has also been discovered. So far as presently appears, the deceased died survived by petitioner and by 11 "cousins," the present whereabouts of 9 of whom are unknown. We therefore have a situation where, until it be otherwise competently established, there is a decedent's estate which possesses a paper in jeopardy of admission to probate, and where the claimed kin are both known and unknown persons. Under the circumstances, the learned Surrogate was authorized to designate the Public Administrator to receive process "for account of or in behalf of any known or unknown person" (Surrogate's Ct. Act, § 136-z, subd. [19]). The Public Administrator thereupon became a person interested in the event and entitled to file objections to the probate of the propounded paper (Surrogate's Ct. Act, § 147), since if it eventuate that the paper be denied probate and no kin prove eligible to receive letters, the Public Administrator would have the potential and superior right to letters (Surrogate's Ct. Act, § 118). Were it not for petitioner's appointment as temporary administratrix, the Public Administrator even without letters would have been entitled to exercise certain powers over the assets of decedent's estate until superseded by the issuance of letters (Surrogate's Ct. Act §§ 136-t, 136-w). The fact that the learned Surrogate also appointed a special guardian for the unknown persons (Surrogate's Ct. Act, § 64) represents no duplication of function in this proceeding since each is cast in an adverse role to that of the other. The special guardian's duty is to protect the rights of the unknown persons, while it is the contemporaneous function of the Public Administrator to pursue the primacy of his potential rights to letters (*Matter of McCarthy*, 178 Misc. 1004 [FOLEY, S.]; *Matter of Schultz*, 180 Misc. 1023 [DELEHANTY, S.], affd. 268 App. Div. 966). Each may separately appear and object in the pending probate proceedings in support of his interest therein (*Matter of Stifnig*, 8 A D 2d 844).