Chief Judge Fuld.
This appeal calls upon us to determine whether the order of a California court, which construed the will of a California domiciliary—who exercised a general power of appointment created by a New York trust indenture — is entitled to full faith and credit in this State.
In 1935, Margaret Maher Acheson, as settlor, and Morgan Guaranty Trust Company of New York, as trustee, entered into a trust indenture. Insofar as relevant, it created a trust for the life of the settlor’s son, Edward Goodrich Acheson, Jr., and provided that, upon his death, the trustee was to divide the trust corpus into six equal parts, one of which was to be held in trust for the life of a grandson, Edward Goodrich Acheson, III (hereafter referred to as Acheson). Upon the latter’s death, the indenture further recited, the trustee was to distribute the corpus of that trust as Acheson might appoint by will or, failing the exercise of such appointment, to his distributees as in intestacy.
The settlor’s son, Edward Jr., the first life beneficiary under the terms of the trust, died in 1962. Acheson, domiciled in California, died in 1965, survived by his widow, Helen, and their daughter, Linda Belle, and five children by previous marriages. By his will, admitted to probate in California, Acheson exercised his power of appointment by specifically directing his trustee to divide his residuary estate into two trusts, one for the benefit of his widow and the other for the benefit of their daughter, Linda Belle. More particularly, the will provided that the trust for the latter was to ‘ ‘ cease and terminate twenty- *160 one (21) years after the death of the last survivor of my wife, Helen * * * my daughter, Linda Belle * * * and the children of my said daughter, living at the time of my death.”
The proceeding before us was commenced in 1966 by Morgan Guaranty in the Supreme Court, pursuant to CPLR article 77, to settle its final account under the separate trust for the benefit of Acheson. However, before that proceeding was concluded, Acheson’s executor, Bank of America National Trust and Savings Association, instituted an heirship proceeding in the California Superior Court seeking an order construing the will in such manner as to require ‘ ‘ termination of the Trust [for Linda Belle] * * * within twenty-one years after the death of Helen F. Acheson, the surviving spouse, if not sooner, terminated by the death of Linda Belle Acheson.”[1] The New York court thereupon decided to hold the present case in abeyance pending the conclusion of the California construction proceeding.
In September of 1967, the California court granted the relief requested by Acheson’s executor. Declaring that “ the obvious intent of the testator * * * [was] that the residuary trust be curtailed, if necessary, to preserve the testamentary plan to the fullest extent possible from invalidity under the rule against perpetuities ”, the court construed the provisions of Acheson’s will to require that ‘ ‘ any trust still subsisting * * * twenty-one years after the death of Helen F. Acheson then terminates as to all assets in such trust derived from the Margaret Maher Acheson Trust ”.[2] In so construing the will, the court applied section 715.5 of the California Civil Code.[3]
*161 The appellants in the case before us, Acheson’s five children by earlier marriages, who would share in the trust corpus only if the exercise of the power were held invalid, did not appear in the California heirship proceeding, although properly notified of the executor’s application. However, in March, 1968, some six months later, they applied to the California court, as authorized by statute (California Code of Civil Procedure, § 473), for relief from its determination, contending that their absence resulted from ‘ ‘ mistake, inadvertence, surprise or excusable neglect.”[4] It was their position that the court had, in construing Acheson’s will, misread his intention and that, consequently, section 715.5 should not have been applied to save the power of appointment. After a hearing, the court denied the application on the ground that the appellants’ failure to contest resulted not from ‘ ‘ mistake, inadvertence, surprise or excusable neglect ” but, rather, from a ‘[1] calculated strategic omission” on their part. We note, however, that the New York trustee did not appear in the California proceedings.
Thereafter, in October of 1968, the respondents in the present accounting proceedings — Acheson’s widow and Linda Belle — requested that full faith and credit be accorded to the California order. The court at Special Term agreed, holding that ‘ ‘ the [California] instruction order, to the extent that it interprets the will by finding an intention on the part of the testator * * * to limit the duration of the trusts so that it be deemed not in violation of the rule against perpetuities, is entitled to full faith and credit ” and was binding in personam upon the five appellants who had voluntarily appeared in the California proceeding. The court, therefore, directed payment of the trust corpus to the California executor according to the terms of Acheson’s will, and the Appellate Division unanimously affirmed the resulting order (34 A D 2d 619).
*162 If anything is settled, it is that the courts of New York will look to the law of the testator’s domicile for the- meaning and interpretation of language used by him in disposing of his personal property by will. (EPTL 3-5.1, subd. [b], par. [2]; subd. [e]; see, e.g., Matter of Fox, 9 N Y 2d 400, 404; Matter of Fabbri, 2 N Y 2d 236, 239; Matter of Gifford, 279 N. Y. 470, 474-475; Fell v. McCready, 236 App. Div. 390, 394, affd. 263 N. Y. 602; see, also, Restatement, Second, Conflict of Laws, Proposed Official Draft [1969], §§ 263-264, pp. 15A-160.) Since Acheson was domiciled in California at the time of his death, and there executed his will, there can be no doubt that it ‘ ‘ must be interpreted in accordance with the rules and principles adopted by the courts of that State.” (Fell v. McCready, 236 App. Div. 390, 394, affd. 263 N. Y. 602, supra.) The California Superior Court — a court of unlimited general jurisdiction with full authority to pass on the interpretation and construction of wills executed by California domiciliaries (California Probate Code, §§ 301, 302, 1080)[5]—in construing Acheson’s will in the light of California law, explicitly held that his trust for the benefit of his daughter, Linda Belle, was to terminate not later than 21 years after the death of his wife, Helen. Quite obviously, under such a construction, Acheson’s executor could receive and dispose of the trust principal set aside for Linda Belle in a manner not inconsistent with, or violative of, the New York rule against perpetuities (EPTL 9-1.1).
There can be no doubt — and our dissenting brethren recognize this — that the California court, in rendering its decree construing the will, had personal jurisdiction over all five of the appellants before us; their postjudgment application, under section 473, to vacate the instruction order constituted a general appearance and that served to give the California court in personam jurisdiction over them. (See, e.g., Farmers & Merchants Nat. Bank v. Superior Ct., 25 Cal. 2d 842, 846-847; Security Loan & Trust Co. v. Boston & South Riverside Fruit Co., 126 Cal. 418, 421-423.) In point of fact, whether or not the *163 appellants actually received due notice of the California heir-ship proceeding is of no moment, since their later general appearance had “ the effect of curing any defect arising from the lack of jurisdiction due to the failure to serve or notify a person of the proceedings ’ ’. (Farmers & Merchants Nat. Bank v, Superior Ct., 25 Cal. 2d 842, 846, supra.) As already indicated, the appellants’ postjudgment application was a request for affirmative relief—namely, that the power of appointment exercised by Acheson be declared invalid on the ground that the court had mistaken his intent ’ ’ — and at no time was any challenge made to the jurisdiction of the California court.
Under these circumstances, the appellants submitted themselves ‘ ‘ to the jurisdiction of [the California] court for the purpose of obtaining an adjudication as to the validity of the * * * judgment * * * This determination appears to be upon the merits and is res judicata and dispositive of this appeal.” (Schwamm v. Davis, 18 A D 2d 1070-1071, mot. for lv. to app. den. 13 N Y 2d 597; see, also, Sherrer v. Sherrer, 334 U. S. 343, 350; Magnolia Petroleum Co. v. Hunt 320 U. S. 430, 439-440; Vander v. Casperson, 12 N Y 2d 56, 59; Parker v. Hoefer, 2 N Y 2d 612, 616.) In giving full faith and credit to the California instruction order construing Acheson’s will, we reaffirm the principle that parties 1 ‘ may not a second time challenge the validity of [their adversaries’] right which has ripened into a judgment”. (Parker v. Hoefer, 2 N Y 2d 612, 616, supra.) Full faith and credit requires “ a plaintiff to try his whole cause of action and his whole case at one time.” (Magnolia Petroleum Co. v. Hunt, 320 U. S. 430, 444, supra.) The appellants had an opportunity, in the California heirship proceeding, to challenge the court’s construction of Acheson’s will. Instead, as the California court put it, they made a ‘ ‘ calculated strategic ’ ’ decision not to appear in the proceeding. Having gambled on what the California tribunal would decide, they should not now be afforded a second opportunity to litigate the matter.
We hasten to add that it is irrelevant in the case before us to consider whether the California court properly construed Acheson’s will under its own law. The appellants voluntarily submitted to that State’s jurisdiction to contest a probate determination involving a California domiciliary. It necessarily *164 follows that the courts in this State are precluded from “ any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based. ’ ’ (Milliken v. Meyer, 311 U. S. 457, 462; see, also, Connolly v. Bell, 309 N. Y. 581, 593; Restatement, Second, Conflict of Laws, Proposed Official Draft [1967], § 106, p. 394; 2 Beale, Conflict of Laws [1935], § 431.1, p. 1372.)
Certainly, there is no basis for maintaining that the instruction order of the California court is “ jurisdictionally infirm ” on the ground that it purports to determine the validity of an exercise of a power of appointment over a trust corpus located in New York. The court did not concern itself with that matter.[6] It is quite true, as Special Term recognized, that the validity of the power’s exercise is a question to be determined solely by the courts of this State. (See, e.g., Hutchison v. Ross, 262 N. Y. 381, 394-395; Matter of New York Life Ins. & Trust Co., 157 App. Div. 916, affd. 209 N. Y. 585; Matter of Harriman, 124 Misc. 320, 325, affd. 217 App. Div. 733.) But that in no way implies that we may ignore a probate determination made in another state, in which its court expressly finds, on the facts before it, that the California decedent intended, by his will, that the trust therein created for Linda Belle was to terminate within 21 years after the death of his wife, Helen, who had been alive at the time of the, creation of the Margaret Maher Acheson trust. Assuredly, if the New York court had so read and construed Acheson’s will, there could and would be no complaint based on the rule against perpetuities.
This brings us to the appellants’ final point. Morgan Guaranty, the New York trustee, did not appear in the California heirship proceeding. Urging that the trustee was an indispensable party in that case, the appellants contend that the California court lacked subject matter jurisdiction to determine rights in the trust. It is enough, for present purposes, to state that the trustee was not a necessary party in the California liti *165 gation in view of the fact that the California court passed neither upon the validity of the trust indenture nor upon the validity of Acheson’s exercise of his power of appointment. No relief of any kind was demanded from the trustee, and, obviously, the latter’s absence did not, to quote from the California statute, “prevent the court from rendering any effective judgment between the parties ” (California Code of Civil Procedure, § 389). Actually, the California court did not even direct the New York trustee to distribute any of the trust assets to Acheson’s executor, recognizing that any distribution of the corpus was to be made in a separate New York proceeding. As Special Term observed below, ‘ ‘ the ultimate determination as to distribution of the [New York] trust corpus by the trustee is to be made in the proceeding pending before this court.”
The appellants’ reliance on Hanson v. Denckla (357 U. S. 235) is misplaced. The issue in that case involved the validity of the trust indenture itself, and no determination was possible until and unless the court acquired jurisdiction over the nonresident trustee. There was no such issue in the California case. It is significant that Morgan Guaranty at no time voiced any objection to the jurisdiction of the California court; it regarded itself, and very properly, as, in effect, a disinterested stakeholder, awaiting instructions concerning distribution of the trust corpus. In other words, whether the California instruction order is entitled to full faith and credit as against the trustee is of no consequence. Its only concern, as we have said, had to do with the distribution of the corpus, and that issue was, and could only be, decided by the New York courts.
In short, the disposition made by the courts below was eminently correct. The case presents a special and unique factual situation, and we may, with profit, sum it up by saying, as did Special Term, that “ [t]he instruction order, to the extent that it interprets the will by finding an intention on the part of the testator Edward Goodrich Acheson, III, to limit the duration of the trusts so that it be deemed not in violation of the rule against perpetuities, is entitled to full faith and credit as concerns all [appellants] in the proceeding pending before this court. The California instruction order is not [however] entitled to full faith and credit in the proceeding pending before this court as against the trustee * * * for [it] was not a party and *166 it did not appear in such proceeding. The instruction order does not purport to direct the trustee to turn over to the California executor the trust corpus, but rather directs the California executor to receive the trust corpus, if, as and when, such turnover is directed in the proceeding before this court. But this is of no moment here, as the trustee has very properly assumed the role of a disinterested ‘ stakeholder ’, awaiting instructions by the final order to be entered in the proceeding pending in this court. ’ ’
The order appealed from should be affirmed, with costs payable out of the trust to all parties appearing and filing separate briefs.

. If the will were so construed, we pause to interpolate, it would eliminate and overcome any objection based upon the New York rule against perpetuities (EPTL 9-1.1).

. The court gleaned Acheson’s intent, in part, from the provisions of the will which recited that “ I make no provision further for these my [five] children who have already shared in my inheritance ' * In the event that both my wife, Helen * * * and my daughter, Linda Belle * * * shall predecease me and my daughter should have no descendants living at the time of my demise, then, and in that event, I give, devise and bequeath all the rest, residue and remainder of my estate in equal shares to my five children * * * I have intentionally omitted making provisions for all of my heirs who are not specifically mentioned herein ”.

. Section 715.5 reads in this way: “ No interest in real or personal property is either void or voidable as in violation of [the rule against perpetuities] if and to the extent that it can he reformed or construed within the limits of that *161 section to give effect to the general intent of the creator of the interest whenever that general intent can be ascertained. This section shall be liberally construed and applied to validate such interest to the fullest extent consistent with such ascertained intent.”

. Section 473 of the California Code of Civil Procedure provides, in part, that “ The court may, upon such terms as may be just, relieve a party * * * from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.”

. Since the court construed Acheson’s will and did not purport to consider the validity or construction of any inter vivos trust, created either in California or New York, the suggestion made in the dissenting opinion that the California court lacked jurisdiction over inter vivos trusts (p. 172) is irrelevant in the present ease.

. Nor is this a case in which the issue posed is whether the testator, as donee of a testamentary power, intended to exercise the power in his will, in which event, the issue would be for the New York court. (See, e.g., Matter of Deane, 4 N Y 2d 326; Matter of Spitzmuller, 279 App. Div. 233, affd. 304 N. Y. 608.) Concededly, no one disputes or questions the fact that Acheson actually exercised his power.