Brady and Daniels, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

---

In the Matter of the Probate of the Last Will and Testament of AUGUSTUS ZEREGA, Deceased.

*Surrogate — cannot, even with the consent of all parties in interest, admit to probate the will of a citizen of the State not a resident of his county.*

A surrogate has no jurisdiction to admit to probate in his court the will of a citizen of the State who is not a resident of his county.

Although all the parties interested in an estate give their consent to the probate of the will of the deceased by the surrogate of a county in which the deceased did not reside, and although the executors under the will accept letters testamentary based upon it, this does not give jurisdiction to the court.

Appeal by the petitioners, Francis A. Zerega and others, from an order or decree of the Surrogate's Court of the county of New

York, entered in the office of the clerk of said county on May 9, 1889, denying the petitioners' application that the decree entered in said office admitting the will of Augustus Zerega to probate be reopened, vacated and set aside, and that a new trial or new hearing be granted.

The question presented by the petitioners related to the residence of the deceased.

*A. Gallup*, for the petitioners, appellants.

*De Witt, Lockman & De Witt, Samuel Huntington* and *Horace Barnard*, for the proponents and respondents.

BRADY, J.:

This application, so far as it charges Mr. Barnard with misrepresentations, is not sustained. The facts and circumstances disclosed and duly considered justify this conclusion. It is not deemed at all necessary to state them in detail.

The proposition that Mr. Zerega, at the time of his death, was a resident of the city of New York, has not been sustained, however, but, on the contrary, has been successfully assailed. He had a temporary abode here, it is true, but it was in a house occupied by his daughter, for whose use it seems to have been purchased at the time of her marriage. He paid for his accommodation therein while he remained in it, which was during the interval between his departure from his residence in Westchester in the fall of the year and the following spring, a mode of life adopted and kept up for many years prior to his death. The testimony of disinterested persons, of his admissions and declarations in regard to his residence, establishes the conclusion that he considered himself to be a resident of Westchester, and so described himself in his will; and this necessarily went hand in hand with his intention to be such a resident and made him such by act and expressed intent. In addition to this he voted and paid taxes there; and when he expressed his wish to sell his residence there, it was coupled with a statement of an object in view, namely, that he might travel, but not to return to a city residence here, and, indeed, not making any reference to it. This indicated a wish to change his mode of life and to be relieved from a local habitation.

When the residence is thus adopted and proclaimed, especially in connection with an existing domicile, it is not necessary to seek the aid of adjudications bearing upon the much distorted questions of residence and domicile and the difference between them for certain purposes, taxation and the like. A man may reside where he chooses, and although by a *quasi* fiction of the law he may be located in different places for public purposes, such as taxation and the like, yet his home he determines for himself; and where that is in this State, his residence, as described for the appropriation of his estate by the legal processes provided by law, is where that is situate. The Code gives no jurisdiction to the surrogate of this county in such a case.

It is true that the parties interested in the estate gave consent to the probate, and that the executors accepted letters testamentary based upon it, but this did not confer jurisdiction, and is, therefore, of no avail. The standing in court of these persons is such that, if the probate could be upheld, it should not be interfered with on this application, whether the motive which induced the application was in good faith or otherwise.

The surrogate proceeded upon papers regular upon their face and containing all the requisite jurisdictional facts under the provisions of the Code (§§ 2474–2476), and the estate could be administered in all respects as well under his authority as that of any other. But the question of jurisdiction is always a factor of great and continuing importance in courts of justice, and its absence may be successfully resorted to as a destructive negation.

The order appealed from must be reversed, but without costs.

Van Brunt, P. J., and Daniels, J., concurred.

Order reversed, without costs.