1. EXECUTORS AND ADMINISTRATORS—SALE OF DECEDENT'S ESTATE—APPOINT-MENT OF REFEREE.

    The surrogate can, under Code Civ. Proc. § 2546, appoint a referee in proceedings for the sale of decedent's real estate, to take and report the evidence, with his opinion thereon.

In the Matter of the Estate of Jeannette M. Walker.  Order of reference in proceedings to dispose of real estate for the payment of debts. Case remitted.

Lockwood & Hill, for administratrix.
Gilbert W. Minor, for Robert Walker et al.
James E. Kelly, special guardian.

FITZGERALD, S.  The order of reference made in this matter, which is a proceeding to dispose of real estate for the payment of decedent's debts, is in effect an order which requires the referee to take and report the evidence upon the facts, with his opinion thereon.  Of the power of the court to make such order, under the authorization given to the surrogate, by section 2546 of the Code of Civil Procedure, to appoint a referee "to take and report to the surrogate the evidence upon the facts," there can be no doubt.  Matter of Ferrigan 42 App. Div. 1, 58 N. Y. Supp. 920, affirmed 160 N. Y. 689, 55 N. E. 1095; Matter of Pearsall (Sup.) 4 N. Y. Supp. 365; Matter of Hale, 45 App. Div. 579, 61 N. Y. Supp. 596.  Section 2546 also empowers the surrogate to appoint a referee to take and report the evidence "upon a specific question of fact; to examine an account rendered; to hear and determine all questions, arising upon the settlement of such an account, which the surrogate has power to determine"; and further declares that "such a referee has the same power * * * as a referee appointed by the Supreme Court, for the trial of an issue of fact in an action."  The most cursory examination of this language suffices to show that it is not confined in its application to referees appointed in any one of the classes of reference specified, but applies to each and all of them.  Matter of Russell, 3 Dem. Sur. 377, 378; Matter of Leffingwell, 30 Hun, 530.  This being so, it is obvious that the referee appointed in this proceeding has the same power to pass upon questions of the admissibility or exclusion of evidence as a referee appointed by the Supreme Court to try an issue of fact in an action.  See Matter of Allemann, 1 Con. Sur. 441, 5 N. Y. Supp. 196.

This matter is remitted to the referee to make such rulings as may be proper in the premises.  Decreed accordingly.