**640**          MATTER OF JOHN LYON.

Surrogate's Court, New York County, October, 1921.   [Vol. 116.

## Matter of the Estate of JOHN LYON, Deceased.

(Surrogate's Court, New York County, October, 1921.)

.Transfer tax — jurisdiction of Surrogate's Court.

> Where in a transfer tax proceeding brought in the Surrogate's Court of New York county it appears that there is an issue as to whether decedent was a non-resident of the state or a resident of Westchester county at the time of his death an order will be made transferring the entire proceeding to the Surrogate's Court of Westchester county. Jurisdiction cannot be conferred by consent of the parties interested.

TRANSFER tax proceeding involving question of jurisdiction.

Herman A. Schupp (T. Ludlow Chrystie, of counsel), for executor.

Lafayette B. Gleason (John B. Gleason, of counsel), for state tax commission.

FOLEY, S.   The preliminary question involved in this transfer tax proceeding is the jurisdiction of the Surrogate's Court of this county. The executor in his petition alleges that the decedent was a resident of Connecticut, and prays that the estate be taxed as that of a non-resident. The state tax commission claims that the decedent's last residence was Port Chester, Westchester county. Section 228 of the Tax Law provides: " The surrogate's court of every county of the state having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent whose property is chargeable with any tax under this article, * * * shall have jurisdiction to hear and determine all questions arising under the

provisions of this article * * *." *Matter of Fitch,* 160 N. Y. 87.

The extent of our jurisdiction is set forth in article 3, Surrogate's Court Act. Section 45 thereof (formerly Code Civ. Pro. § 2515) provides: " The surrogate's court of each county has jurisdiction, *exclusive* of every other surrogate's court, to take the proof of a will, and to grant letters testamentary thereupon, or to grant letters of administration, as the case requires, in either of the following cases:

" 1. Where the decedent was, at the time of his death, a resident of that county, whether his death happened there or elsewhere. * * *"

. It is the residence at death, not the location of decedent's assets, that conditions jurisdiction in cases of residents of this state dying testate or intestate. Jessup-Redfield, 78. Nor can jurisdiction be conferred by consent of the parties interested. *Matter of Zerega,* 58 Hun, 505. The basis for bringing the proceeding in New York county by the executor was that the decedent, a non-resident, left personal property in New York county, which if true would enable this court to fix the tax on his estate. Surr. Ct. Act, § 46. The difficulty, however, is that the testimony offered by the tax commission creates a sharp issue as to decedent's residence in Westchester. If there had been a dispute as to whether he resided in New York county or Westchester, this court would have had jurisdiction to determine that issue. *Matter of Buckley,* 41 Hun, 106. But the decedent never at any time even temporarily resided here. It is clear that this proceeding must be remitted to the surrogate of Westchester county for adjudication. If he determines the issue of domicile in favor of the tax commission, he will have *exclusive* jurisdiction of the estate, since he alone would have power to take proof of the will or issue

letters testamentary. *Bolton* v. *Schriever*, 135 N. Y. 65, 71; Chrystie Inheritance Taxation, 56. If he decides in favor of the executors, he will also have jurisdiction by reason of the location of real and personal property in Westchester county. A determination by me that the decedent was a resident of Port Chester would oust this court of jurisdiction and *ipso facto* terminate the proceeding under section 45 quoted above. Comity likewise requires the reference of this matter to the county of alleged residence. *Matter of Curtis*, 194 App. Div. 334; affd., 231 N. Y. 124.

Submit order transferring the entire proceeding to the Surrogate's Court of Westchester county.

Ordered accordingly.