In the Matter of the Estate of ELLA V. VON E. WENDEL, Deceased.

Surrogate's Court, New York County, April 8, 1932.

*George Flint Warren*, for the proponents.

*Arthur Garfield Hays* and *Samuel Untermyer*, for Rosa Dew Stansbury, and several other attorneys for other claimants.

FOLEY, S.   This is a proceeding for the probate of the purported last will and testament of the decedent, Miss Wendel.   The supplemental citation directed to numerous alleged heirs and next of kin, who were specifically named therein, was recently returnable before me.   Service was also directed by publication generally to all those claiming to be heirs and next of kin of the decedent.   Over sixteen hundred claimants through their attorneys or personally have appeared and contend that they are within the class of legal distributees.   Application has also been made by the proponents of the will to procure the filing of a bill of particulars by these various claimants.   The proponents seek to obtain a verified statement of the degree of relationship claimed and the particulars of the ancestry of the claimants and of their collateral relationship to Miss Wendel. Upon the return of the order to show cause for the bill of particulars and the return of the supplemental citation, the scope of the immediate application was widened by the various attorneys representing the opposing parties.   They seek the advice and direction of the court as to a method of simplifying the issues, of expediting the disposal of certain preliminary questions which have been raised, and of reaching an ultimate determination of the validity or invalidity of the propounded will.   Over one hundred and sixty attorneys or firms of attorneys have appeared in the proceeding.

The surrogate stated upon the hearing that respect for justice and for our system of probate practice required that an orderly and expeditious mode of procedure, consistent with the rights of all the parties, should be established.   The surrogate also stressed the necessity for the co-operation of all the attorneys who have appeared, in order that undue delay, burdensome expense or other injustice should be avoided.   The proceeding is only extraordinary in the number of claimants who have appeared.   The magnitude of the estate is relatively unimportant, for in other large estates similar difficulties have not arisen.

(1) In accordance with the suggestion of the attorneys and the pronounced policy of the surrogate, the order of procedure for the trial and the disposal of the successive issues, preliminary and final, will be as follows:

(A)  The jurisdiction of the Surrogate's Court of New York county over the probate proceeding will be first brought on and determined. That question involves an adjudication as to whether Miss Wendel died a legal resident of New York county or Westchester county.   If

it be found that this court has not jurisdiction, the entire proceeding will be remitted to Westchester county for further action there.

(B) If jurisdiction be found in this court, there will be taken up next the trial of the relationship of the claimants to the decedent. Those claiming to be of the nearest degree will be tried first. When the standing of one person of the nearest degree is established, the status of only those claiming to be within that degree will be heard.

(C) Every other person beyond that degree has no legal interest in this estate and all appearances for such distantly related persons will be stricken out on motion.

(D) If Rosa Dew Stansbury is proven to be of the nearest degree, the validity of the waiver executed by her and filed in this proceeding will be next tried.

(E) Finally, if there are any persons found to be next of kin and heirs at law of Miss Wendel, and legally entitled to contest the will, the trial of their objections to the validity of the will shall be brought on and determined.

(2) The application for a bill of particulars is granted. The mere assertion of a claim of relationship to the decedent does not entitle a person to appear and contest the will. The fact that a claimant bears the name " Wendel," without any supporting proof of relationship, is worthless. The legal standing of a claimant as one of the next of kin and heirs at law of the maker of the alleged will must first be established before a contest will be permitted. (*Matter of Cook*, 244 N. Y. 63.) Furthermore, only those within the nearest degree of kinship are entitled to contest the will. It appears to be conceded in the present proceeding that Miss Wendel left no descendants, no brothers or sisters, or nephews or nieces. The claimants rely upon their contention that they are first cousins or of a more remote collateral relationship.

The attention of counsel is called to the fact that our recent revision of the inheritance laws made by chapter 229 of the Laws of 1929 fundamentally changed the classes of persons entitled to inherit the property of a person dying without a will, or the classes of persons entitled to contest a will. (Reports of the Commission to Investigate Defects in the Laws of Estates, Legislative Document No. 69 of 1930.) The rules for the inheritance of property of every nature, real and personal, were made uniform. The inheritance of property was concentrated, instead of being scattered to the more distant relations. The former antiquated method of computing the degree of consanguinity and the canons of descent formerly relating to real property were abolished. (Dec. Est. Law, § 81, added by Laws of 1929, chap. 229, as amd. by Laws of 1930, chap. 174.) In their place there was substituted

the modern method of computing degrees, and the rules of inherit-
ance applicable formerly to personal property. The material provi-
sions of section 81 of the Decedent Estate Law read as follows: "All
existing modes, rules and canons of descent are hereby abolished.
The determination of the degrees of consanguinity of distributees
of real and personal property shall be uniform, and shall be in
accordance with the rules as applied immediately before the taking
effect of this section to the determination of the next of kin of an
intestate leaving personal property. All distinctions between the
persons who take as heirs at law or next of kin are abolished and
the descent of real property and the distribution of personal property
shall be governed by this article except as otherwise specifically pro-
vided by law. * * *" Further statutory rules may be found
in article 3 of the Decedent Estate Law and particularly section 83
thereof. (Added by Laws of 1929, chap. 229, as amd.)

An important change was made as to the inheritance of real
estate in the abolition of the former rule which permitted repre-
sentation in collateral lines to the remotest degree. Representation
is now permitted only as far as brothers and sisters and their descend-
ants. Beyond brothers and sisters and their descendants, only
persons within the nearest degree of relationship to the decedent are
entitled to inherit intestate real or personal property. In other
words, where there is a group of first cousins, as the nearest relatives,
they alone are entitled to inherit. In such case if there are children
or grandchildren of deceased first cousins, they are not entitled to
inherit. The same rule applies to the ascertainment of the class of
next of kin or heirs where there are second cousins or third cousins
or more distant classes of relatives. When persons of the nearest
degree of relationship establish that standing, those more remote
are excluded.

These changes in the Decedent Estate Law took effect on
September 1, 1930. Miss Wendel died thereafter on the 13th day
of March, 1931. The new statutes, therefore, regulate and affect
the property left by her and the determination of her heirs and next
of kin.

For the benefit of the attorneys who have appeared in this
proceeding, the statutory method of computing the degree of
relationship to Miss Wendel may be shown by example. The
statutory rule of computation requires the exclusion of the decedent
and the counting of each person in the chain of ascent to and
including the common ancestor, and then the counting downward of
each subsequent descendant from the common ancestor to the
claimant. (Jessup-Redf. Surr. Cts. [8th ed.] p. 2482 and the
Appendix entitled "Descent and Distribution" by Surrogate

FEELY, p. 2779 *et seq.*) Thus, Rosa Dew Stansbury is alleged in the petition to be the sole next of kin of Miss Wendel. The method of computing the degree of her relationship, starting from the decedent and excluding her from the count, is as follows:

Tobias E. Stansbury — Third Degree
(Great Grandfather of decedent)
Common Ancestor

| Henrietta Stansbury Dew, Second Degree (Grandmother of decedent,) | Carville S. Stansbury Fourth Degree (Granduncle of decedent) |
| --- | --- |
| Mary Ann Dew Wendel First Degree (Mother of decedent) | Rosa Dew Stansbury Fifth Degree (Alleged next of kin of decedent) |

Ella V. von E. Wendel
(Decedent)

There are certain claimants who contend they are first cousins. They would be of the fourth degree. If such status be ultimately established by them, Rosa Dew Stansbury, and every person claiming to be within the fifth degree, and those of every other more remote degree, are not proper parties to this proceeding. Similarly, if next of kin of the fifth degree establish their status, all persons beyond that degree must be eliminated and their appearances stricken out. Similar procedure must be adopted as to each widened circle of kinship beyond the established status of the nearest group of legal next of kin. In order to simplify the issues, the surrogate has provided in the order of procedure set forth above that the claims of those persons contending that they are of the nearest degree to Miss Wendel should be tried first.

(3) A suggestion has been made for the convenience of counsel that the proponents file genealogical charts of the ancestors and collaterals of Miss Wendel to a reasonable degree. That suggestion will be adopted by the surrogate. It would appear that such procedure will assist attorneys in identifying the relationship of their clients, and the probability or improbability of their being next of kin of the decedent. Such charts, with the available dates of birth, death and marriage of the ancestors of Miss Wendel to a reasonable degree, and of her collaterals to a reasonable degree, are directed to be filed by the proponents with the probate clerk of this court on or before April 25, 1932. These instructions and reasonable inquiry by

the attorneys for the various claimants should disclose to them the possibility of a near relationship of their clients to the decedent. Where such relationship to Miss Wendel is revealed as too remote, or where no relationship at all is disclosed, it will be the duty of the attorney, as an officer of the court, to inform his client of the fact and the law, and promptly to withdraw, by written notice, his appearance in the proceeding.

(4) The bill of particulars by the various claimants will be directed to be served upon the proponents' attorneys and filed in this court on or before May 21, 1932. The most important item of such bill is a definite statement of the numerical degree of the relationship of the specific claimant to Miss Wendel, with the further information as to the specific names in the chain from the decedent to the claimant, of the ancestors and descendants from the common ancestor.

The proposed form of the bill of particulars submitted by the proponents is approved as modified by the surrogate. For the convenience of the attorneys for the various claimants and the surrogate, the proponents are directed to print and supply copies of such form of a bill of particulars. The expense thereof may be charged out of the estate.

(5) Certain claimants have sought to file notices of appearance subsequent to the return day of the supplemental citation. Permission to file proper and lawful notices of appearance, complying in form with the provisions of the Surrogate's Court Act, is granted, provided such notices of appearance be filed on or before May 7, 1932, and upon further condition that each claimant so appearing shall file on or before the date fixed for the other claimants, viz., May 21, 1932, a bill of particulars in compliance with this decision. Any person seeking to file a notice of appearance after May 7, 1932, must apply by formal application on order to show cause to the proponents for leave to intervene.

(6) The question as to the jurisdiction of this court in the present probate proceeding has been raised by the attorneys for Rosa Dew Stansbury and certain other claimants. The specific question involved is whether Miss Wendel died a legal resident of New York county, or a legal resident of Westchester county. The determination of this most important preliminary issue goes to the very foundation of the right of this court to entertain the proceeding, and the validity of any decree made in the proceeding. (*Matter of Curtis*, 194 App. Div. 334; affd., 231 N. Y. 632; *Matter of Daggett*, 255 id. 243; *Matter of Zerega*, 58 Hun, 505; *Bolton* v. *Schriever*, 135 N. Y. 63, 73; Surr. Ct. Act, § 45.) This question of jurisdiction should be decided at the threshold. It should be speedily deter-

mined. It is particularly important because of the numerous parcels of real estate left by Miss Wendel, title to which should be made forever secure and conveyances safeguarded from subsequent attack. My colleague, Mr. Surrogate O'BRIEN, had before him a phase of this question in an attempt to revoke the letters of the temporary administrators. In the revocation proceeding only the temporary administrators were cited. In his decision disposing of the application to revoke, he has directed that the issue of jurisdiction be tried in the probate proceeding, where all the persons interested are presumptively before the court. He also stressed the importance of the conclusiveness of a decree in the probate proceeding which will be binding on all the persons cited and all who have appeared. (*Matter of Wendel*, 143 Misc. —.) If it be determined that Miss Wendel was a resident of New York county, the subsequent issues and the order of procedure set forth above by me must be successively taken up for disposition. If the Surrogate's Court of New York county has not jurisdiction, because of the legal residence of the decedent in Westchester county, this proceeding will be promptly remitted to Westchester county for the determination of the successive and subsequent issues there.

The preliminary issue of the legal residence of the decedent and the jurisdiction of this court will be set for trial before me on the 25th day of April, 1932, at ten-thirty A. M. Notice of hearing is directed to be served by the proponents by mail upon all attorneys who have appeared in the proceeding. Such notices may be mailed on or before the 16th day of April, 1932.

Submit order for a bill of particulars in accordance with this decision.