In the Matter of the Estate of IDA E. WOOD, Deceased.

Surrogate's Court, New York County, April 18, 1936.

*Joseph A. Cox,* for the public administrator, petitioner, for the application for the denial of probate.

*Paul Windels, Corporation Counsel [Frederick Bryan* and *Milton I. Newman* of counsel], for the city of New York in opposition thereto.

FOLEY, S. This is a proceeding brought by the public administrator of New York county to deny probate to a paper which is testamentary in form and is dated September 15, 1896. The paper purports to be signed by " Ida Mayfield Welch Wood," a name which bears some resemblance to the name of the decedent who was customarily known as Ida E. Wood.

Up to the date of the trial of this proceeding, the legal status of no person as a next of kin of the decedent has been established, although numerous claimants have asserted kinship. The additional names, Mayfield and Welch, appearing in the name signed to the purported will are of significance because certain of the claimants contend that Ida E. Wood was born Ida Mayfield, and other claimants contend that they are distributees because of their relationship to an alleged husband of the decedent, one Thomas Welch.

It has been conclusively proven that this paper purporting to be a will was not signed by the decedent, Ida E. Wood. The instrument reads in exact form as follows:

" NEW YORK *Sept 15th* 1896
this is my Second and last Will I Ida Mayfield Welch Wood in case of Mary and Emma Death I request and Want one half of my cash and Jewelry given to truader Carpenter at my death she is the daughter of John Quincy Carpenter who was good friend of mine when I was in trouble in my young days also a Cousin to my Comon law Husbin thomas Welch after thomas Welchs death I Married Benjamini Wood I leave the other half of my Cash and Jewelry to New York City My ——— forsaken by my family when I was a young girl and I know nothing of them

" Hardy  Carpenter
" Dean Givens
" I am Writing this in the back of my old bible for you to give to truader Carpenter at my death

" IDA MAYFIELD WELCH WOOD."

The entire instrument is written in pencil and the paper upon which it was written was apparently torn from a Bible. The legatee, " Truader Carpenter," has been identified as Mrs. Trueda Carpenter Hammond of Ponchatoula, La. Although cited she did

not appear, either in person or by attorney, upon the trial of the validity of the paper.

Just prior to her death the property of Mrs. Wood consisted almost exclusively of cash and jewelry of the approximate aggregate of $800,000. There were securities left by her of relatively small value. Under the terms of the disputed instrument, therefore, the legacy of Truader Carpenter would approximate $400,000 and the legacy to the city of New York a similar amount. Suspicion attaches to the very form of the paper because of the lack of care shown in the context and the apparent lack of education of the author. Certain of the words are misspelled. There is an entire absence of punctuation. On the other hand the conceded writings in evidence of Mrs. Wood show culture, precision, care and excellent penmanship and rhetorical style. Mrs. Wood was the widow of Benjamin W. Wood, publisher of the former newspaper, the *Daily News*, in New York city. In addition to the definite conclusion that the signature of the alleged testatrix is spurious, no evidence has been developed to locate or identify the alleged witnesses to the so-called will. The corporation counsel of the city of New York has made an exhaustive investigation into the document and the possibility of a valid execution of the paper. His assistants upon the trial have conceded its invalidity. The public administrator submitted as his expert Mr. Elbridge W. Stein, a specialist of long experience on questioned documents. His conclusions as to the fabrication of the document are supported by the expert produced by the city of New York, Francis D. Murphy of its police department. He also had extended experience in the examination of forged instruments and as a witness in trials involving their invalidity.

The body of the instrument and the signatures to it were written by one person and even the alleged signatures of the witnesses were written by the same person. Neither the handwriting of the body of the instrument nor the signature, in the slightest degree, resembles the authentic writings and proven signatures of Mrs. Wood. The instrument is clearly a forgery and apparently fabricated as a basis of a written pedigree declaration to support a claim of kinship of certain of the Mayfield and Welch claimants.

The testimony of certain witnesses taken in Louisiana under depositions contributes nothing to establish the authenticity of the alleged will.

The application to deny probate to the instrument is granted. Tax costs and submit decree on notice accordingly.