In the Matter of the Estate of IDA E. WOOD, Deceased.

Surrogate's Court, New York County, March 12, 1937.

*Joseph A. Cox*, for the public administrator.

FOLEY, S. The public administrator has filed his account of proceedings in this estate. The citation, which has been served upon all parties claiming an interest in the estate, was returnable before me on February 26, 1937. An alleged will of this decedent

was denied probate by me (153 Misc. 128). Letters of administration were thereafter issued to the public administrator. Another alleged will was subsequently denied probate as a forgery (159 Misc. 440). In the pending accounting proceeding, the public administrator seeks a determination of the persons entitled to distribution of the assets as next of kin under our intestate laws. Schedule H of the account states that the next of kin of Ida E. Wood are unknown. More than 1,100 persons, most of whom are not residents of this State, have filed with the public administrator claims to share in the estate.

The extraordinary number of persons claiming kinship to the decedent requires the court to outline the procedure for the filing of objections to the account which will raise the issue of the status of each claimant.

This course of action was employed by the court with salutary results in *Matter of Wendel* (143 Misc. 480).

(1) The objections are directed to be served upon the attorney for the public administrator and filed in this court on or before June 1, 1937. Such objections must be specific. They must contain (a) the name of the alleged common ancestor of the claimant and the decedent; (b) the numerical degree of relationship of the claimant to the decedent; (c) the chain of ascent from the decedent to the common ancestor and the chain of descent from the common ancestor to the claimant; and (d) the dates of the marriages and deaths of the persons included in the chain of ascent and descent as far as is possible.

An appropriate form of objections will be printed and supplied to all parties by the public administrator at the expense of the estate.

Compliance with the above directions will be of great assistance to the court and the attorneys in the orderly and expeditious determination of the rights of all the parties in this proceeding. The uniform objections, if properly executed, will facilitate the classification of the claimants into different groups. The substance of the objections will avoid the making of innumerable practice motions to strike out appearances and for bills of particulars as the form suggested contains all information ordinarily included in a bill of particulars.

(2) Unless the objectants appear in person the objections must be accompanied by a duly acknowledged authorization and notice of appearance of an attorney admitted to practice in this State. (Surr. Ct. Act, §§ 41, 63.) This procedure is necessary because double appearances of attorneys for the same claimants have already

been received. No notice of appearance will be accepted from an attorney who is not admitted to practice in this State.

(3) All persons who were not cited but who have asserted a claim since the filing of the petition may become parties to the proceeding by complying with the above directions.

(4) The claimants may be generally divided into two classes: (a) Those claiming relationship to the decedent by blood, and (b) those claiming relationship by marriage. After objections are filed the persons not legally entitled to share in the estate will be eliminated from the proceeding as expeditiously as possible. To accomplish this purpose the following procedure will be adopted.

(5) The status of the person or persons claiming the nearest numerical degree of relationship to Benjamin Wood, the predeceased husband of the decedent, will be tried first. This unusual procedure is adopted because the facts developed in the probate proceeding clearly establish that the nearest relation or relations to the predeceased husband of the decedent can be definitely identified without protracted litigation. The speedy determination of this issue will quickly eliminate many claimants.

(6) There will next be determined the identity of this decedent, Ida Wood, through her parents and the establishment of her maiden name. Relationship has been claimed to the decedent through five different lines of descent. Identification of the decedent's parents and of her maiden name will eliminate all but one of these groups.

(7) The status of the person or persons in this group claiming the nearest numerical degree of relationship by blood to the decedent will then be determined. If relationship to the decedent by one of this group can be established all more distant claimants must fail. If kinship to the decedent cannot be established in this group, then the person or persons already determined to be the nearest relatives of the predeceased husband of the decedent will prevail.

Any person seeking to file objections or a notice of appearance subsequent to June 1, 1937, must make formal application on order to show cause to the public administrator for that purpose.