In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased.

Surrogate's Court, Kings County, April 7, 1947.

**530**

*Shearman & Sterling & Wright* for Lewis Luckenbach and others, respondents.

*Joseph V. McKee* and *William T. Griffin* for Andrea L. Doerr, respondent.

*Roscoe H. Hupper, David G. Ashton* and *Paul Windels* for Roscoe H. Hupper as executor of Edgar F. Luckenbach, deceased trustee under will of Lewis Luckenbach, deceased.

*Robert C. Owens* for Edgar F. Luckenbach, Jr., respondent.

McGAREY, S.   Motion for the appointment of an official referee to hear, report upon and continue the examination under the provisions of section 263 of the Surrogate's Court Act is granted.

By order dated July 11, 1946, the accountant was directed to appear and be examined, pursuant to section 263 of the Surrogate's Court Act, " as to all matters pertaining to the estate or fund accounted for ".   The hearings thus far held have been marked by objections concerning the scope and relevancy of the testimony sought to be adduced and the documents to be produced, inspected and examined, thus necessitating frequent applications to the court for rulings thereon.   Due to engagement in trials the court has been unable to hear the parties at the time objections have been raised, the examinations have had to be suspended, with consequent delay and inconvenience to parties and attorneys.

The magnitude and complexity of the problems involved in this accounting is recited in the opinion rendered by this court on June 28, 1943 (42 N. Y. S. 2d 791, affd. 269 App. Div. 948, leave to appeal to the Court of Appeals denied 269 App. Div. 991).   The accountant thereafter in accordance with the direction of the court as above reported, filed a further account and a supplement thereto.

The accountant and some of the respondents oppose the motion claiming that the court alone is the only official before whom the present examination may continue, and express the opinion that such examination before him will proceed with celerity and expedition.   Counsel for such parties are personally cognizant of the pressure of the court's usual engagements and were it to preside at the continuation of this examination it would be to the detriment of all other litigants, denying to them the right to a speedy determination of their matters.   The court is of the opinion that the best interests of all concerned

will be served by an official referee presiding at such examination, with power and authority to rule upon all questions arising in the course thereof.

Opposition to the motion is grounded primarily upon the fact there is no specific statutory provision authorizing the appointment of an official referee to preside at such an examination and that therefore, the court is powerless to do so, and that it must itself preside at such examination.

An examination under section 263 of the Surrogate's Court Act is frequently the medium through which information is obtained by the parties to determine whether the account or the action of the fiduciary is subject to objection. As was so well observed by Surrogate Foley, in *Matter of Van Valkenburgh* (128 Misc. 819, 823), " It has been the experience of the Surrogate's Court that such examinations are a most effective aid in judicially settling accounts."

The difficulties attendant upon the trial of a long account were recognized as early as December 31, 1768, when it was enacted that such an account could be referred to a referee, because of " * * * the vast time necessarily consumed in such trials, other causes are delayed and the general course of justice greatly obstructed." (*Steck* v. *Colorado Fuel & Iron Co.,* 142 N. Y. 236, 239; *Malone* v. *Saints Peter and Paul's Church,* 172 N. Y. 269.) Similar provision is now found in section 466 of the Civil Practice Act. It is true that the " long account " therein contemplated involves an action at law, whereas an accounting in this court is equitable in nature (*Matter of Beare,* 122 Misc. 519).

The examination of an account of a testamentary fiduciary covering a long period of time is no less onerous than that of a partnership or joint ventures covered by provisions of the Civil Practice Act. Moreover, under a reference under the Civil Practice Act the rights of the parties are determined, whereas an examination, under section 263 of the Surrogate's Court Act, is merely to acquaint the parties of the details of the procedings of the fiduciary in the administration of the estate or trust. The result of such an examination may be twofold, convince the parties that the account and the actions are unobjectionable, or, if objections are filed, aid in the hearing and determination of such objections. *Matter of O'Connor* (159 Misc. 522) held that a referee's report is advisory in nature and a litigant is only properly concerned with the ultimate result of the litigation. As the rights of the parties will not be determined by the pending examination, the court fails to perceive

why an official referee may not preside thereat with the same force and effect as though the court itself supervised such examination.

*Matter of Kent* (92 Misc. 113) traced the history of the power of the Surrogate's Court over accounts and it was therein stated at page 119 that an accounting was similar to a former administration suit in chancery, and that it was the practice to refer such suits to a master in chancery to take an account of the debts, etc. The duties performed by masters in chancery have been absorbed by referees (*Milton* v. *Richardson,* 21 Misc. 380).

Section 467 of the Civil Practice Act provides that the court may direct a reference to take an account, or where it is necessary for the information of the court. In *Central Trust Co.* v. *New York City & Northern R. R. Co.* (42 Hun 602) it was determined that the taking of an account was not restricted to the mere adjustment of items, charges, credits and figures but permitted inquiries to be made where details are to be obtained and settled, within the broad authority of courts of equity.

Section 66 of the Surrogate's Court Act authorizes the court to appoint a referee to examine an account rendered, and to hear and determine all questions arising upon the settlement of such an account. The separate provisions for the two phases of an accounting is indicative of the knowledge possessed by the Legislature that there is a well-recognized distinction between the rendering of an account and its final settlement (*Leonard* v. *Pierce,* 182 N. Y. 431, 438).

An examination under section 263 of the Surrogate's Court Act is not an examination before trial (*Matter of Thaler,* 161 Misc. 615) but has some of the aspects of an examination before trial. Although there is no statutory provision for the appointment of a referee in an examination before trial, the Court of Appeals in *Zirn* v. *Bradley* (284 N. Y. 321) recognized that such action might sometimes be necessary and desirable and confirmed the action of the lower court in so doing.

As was so well observed by the court in the case of *Elmore* v. *Thomas* (7 Abb. Prac. 70, 72) " where facts other than those presented by the issues in the pleadings are necessary to be known to the court, in order to enable them to frame the proper decree * * * the court have power * * * even without the consent of parties, to refer the case for such a purpose." And, further, " They would fail to be a court of equity, in a variety of cases that might occur, were they tied up in the exercise of their equity powers to the provisions of a statute intended as a mere system of general practice."

The matters which have come before this court in this proceeding have demonstrated conclusively that many items of the account have already become the centers of controversy and it is evident a like result will ensue as other items are met in the course of the examination.

The contention of the accountant and those aligned with him that the court must preside at a preliminary hearing or examination in this proceeding in which it must ultimately hear and determine the issues raised by the objections filed and which may be filed is overruled. If the power is not granted by the provisions of section 40 of the Surrogate's Court Act, the court possesses the inherent right to guide this proceeding in its preliminary stages and may appoint an official referee to preside at such examination pursuant to section 263 of the Surrogate's Court Act, in view of the many intricate problems which will arise as a result of the claim that the deceased trustee commingled the estate funds and properties with those of his own, and the conduct of the examination thus far indicating the probability that it will be protracted and exhaustive. The examination being in aid of the conscience of the court upon the ultimate settlement of the account, the expenses of such reference should not be borne by any of the parties, and hence an official referee should and will be appointed.

Proceed accordingly.