In the Matter of the Accounting of FRANCIS J. MULLIGAN, Public Administrator of the County of New York, as Administrator of the Estate of MARY B. POWERS, Deceased.

Surrogate's Court, New York County, April 13, 1949.

*Joseph A. Cox* for administrator, petitioner.

*Hawkins, Delafield & Wood* for Bertha H. Cook, respondent.

*Dicran Simsarian* for L. P. Dixon and others, respondents.

*James P. Regan* for Grace A. Fales, respondent.

*Markowitz & Jacobson* for Catherine Powers and others, respondents.

*Barry, Wainwright, Thacher & Symmers* for Ella M. Paine and another, respondents.

*Halpin, Keogh & St. John* for Marcella V. Livingston, respondent.

*Gerard F. Finley* for Lillie Moore, respondent.

*Sol Hulnick* for Stanley H. Jones and others, respondents.

*Donovan, Leisure, Newton, Lumbard & Irvine* for Hollis P Gale, respondent.

*Martinis & Kraf* for Bridget P. Fitzgerald and another, respondents.

*Cadwalader, Wickersham & Taft* for Frank W. Powers, respondent.

*Edward J. Gould,* special guardian for unknown distributees, respondents.

COLLINS, S.  On March 2, 1949, the Public Administrator of the County of New York, as administrator of the estate of Mary Bullock Powers, deceased, filed a petition and an account of his proceedings.  In the petition he alleged that the decedent's distributees were unknown and listed the names of 173 persons who had asserted various claims of alleged relationship to the decedent, but who had not submitted proof establishing their status as distributees.

In accordance with the court's decision (N. Y. L. J. August 10, 1948, p. 227, col. 1), a citation was served upon all of the persons who had asserted claims and was published against all other persons possibly interested.  The citation, returnable on April 8, 1949, directed the persons cited to show cause why the aforesaid account of proceedings should not be judicially settled and why the balance of the estate should not be paid into the treasury of the city of New York, for the benefit of the unknown distributees of the decedent.

Because of the great number of persons claiming relationship to the decedent the court deems it advisable to outline the procedure which will place in issue the status of the claimants who file objections to the public administrator's account.  Therefore an appropriate form of objections should be printed at the expense of the estate, and furnished by the public administrator to all claimants requesting same.  These objections will avoid motions for bills of particulars, since the printed form will contain items generally included in a demand for a bill of particulars.  Compliance with the directions herein will be of great assistance to the claimants, their attorneys, and the court.  My learned predecessor, the late Honorable JAMES A. FOLEY in *Matter of Wendel* (143 Misc. 480) and *Matter of Wood* (162 Misc. 497) employed the same course of action with salutary results.

(1) The objections are directed to be served upon the attorney for the public administrator and filed in this court on or before May 24, 1949.  Such objections must be specific.  They must contain (a) the name and address of the claimant, and the place and date of birth; (b) the name of the alleged common ancestor of the claimant and the decedent; (c) the numerical degree of relationship of the claimant to the decedent; (d) the chain of ascent from the decedent to the common ancestor and the chain of descent

from the common ancestor to the claimant; and (e) the dates of the births, marriages and deaths of the persons included in the chain of ascent and descent, as far as is possible.

For the benefit of those appearing in this proceeding, the statutory rule of computation of the numerical degree of relationship requires the exclusion of the decedent and the counting of each person in the chain of ascent to and including the common ancestor, and then the counting downward of each subsequent descendant from the common ancestor to the claimant. (*Matter of Wendel, supra.*)

(2) Unless the objectants appear in person, the objections must be accompanied by a duly acknowledged authorization and notice of appearance of an attorney admitted to practice in this State. (Surrogate's Ct. Act, §§ 41, 63.) This procedure is necessary in order to avoid double appearances of attorneys for the same claimants. No notice of appearance will be accepted from an attorney who is not admitted to practice in this State.

(3) All persons who were not cited but who have asserted a claim since the filing of the petition may become parties to the proceeding by complying with the above directions.

(4) Any person seeking to file objections, or a notice of appearance, subsequent to May 24, 1949, must make formal application, by order to show cause, for that purpose, on notice to the public administrator.

(5) The order of procedure for the trial and the disposition of the issues will be as follows:

(a) The status of the person claiming to be the closest in relationship to the decedent pursuant to the provisions of section 83 of the Decedent Estate Law will be tried first. When that claimant has established his status as a distributee, the Surrogate will then hear the claims of the persons who allege the same relationship as that of the aforesaid distributee, either in their own right or by representation when permitted by statute.

(b) The claims of all other persons asserting relationship more remote than the claimants who have established their status as distributees will then be dismissed.

(c) The hearing on the objections to the account is set for June 6, 1949, at 10:30 A.M. Only those claimants who have filed objections will be permitted to participate at the hearing, either in person or by their attorneys. A supplemental decision will be filed on or about May 25, 1949, which will prescribe the order in which the various objectants' claims will be tried. The public administrator will be directed therein to serve a notice of hearing on the attorneys for the objectants or on the objectants who have appeared in person.