William T. Collins, S.
In this accounting proceeding one Elmore Smith filed objections claiming to be an illegitimate son of decedent. He was afforded the opportunity on the hearing to support his alleged relationship to the decedent. He failed to offer any evidence whatever. His objections are therefore dismissed.
Objections were also filed by certain persons who claim to be first cousins and the nearest relatives of the decedent and by certain other individuals who claim to be first cousins once removed. The latter group contend that as first cousins once removed they are entitled to share with first cousins in the distribution of the estate.
There was sufficient evidence submitted to the court to establish that Catherine L. Brophy, Francis A. Horan, Ruth Kane, Mary Langdon Woods and Annie L. Horan were first cousins of the decedent (relatives of the fourth degree) all of whom survived her. Annie L. Horan has since died. However, further proof will have to be submitted to establish that these first cousins are the only persons entitled to share in the estate of the decedent.
Since it has been established that there are first cousins of the fourth degree, all persons claiming to be within the fifth degree of relationship or of more remote degree are not proper parties to this proceeding. (Matter of Wendel, 143 Misc. 480.) Subdivision 10 of section 83 of the Decedent Estate law provides : “ No representation shall be admitted among collaterals *662 after brothers and sisters descendants.” As stated by Surrogate Foley in Matter of Wendel (supra, p. 483), “ Beyond brothers and sisters and their descendants, only persons within the nearest degree of relationship to the decedent are entitled to inherit intestate real or personal property. In other words, where there is a group of first cousins, as the nearest relatives, they alone are entitled to inherit. In such case if there are children or grandchildren of deceased first cousins, they are not entitled to inherit. The same rule.applies to the ascertainment of the class of next of kin or heirs where there are second cousins or third cousins or more distant classes of relatives. When persons of the nearest degree of relationship establish that standing, those more remote are excluded.” (See Reports of the Commission to Investigate Defects in the Laws of Estates, N. Y. Legis. Doc., 1930, No. 69.) Accordingly, J. Robert Langdon, Regina L. Annuziata, William Cotter, Mary Barbara Langdon, Francis T. Farrell, James C. Landgon, Jr., Thomas R. Barrett, Robert W. Barrett, Jr., Mary Elizabeth Barrett, Mary Holehouse Gagen, Anne H. Scully, Edward Holehouse, Mary J. McCarthy, Alice T. McCormick, Helen C. Collins and Rose C. Dutton, who have established their status as first cousins once removed of the decedent (the fifth degree of relationship) have no interest in the estate. Their appearances and objections are therefore stricken out. Similarly, the appearances filed by Richard J. Smith, Margaret Hall, Julia Mitchell, Rosalie Gengras, Robert W. Smith, Francis L. Smith and W. Burke Smith, first cousins once removed, are also stricken out.
An intermediate decree on notice may be submitted accordingly.