Edward S. Silver, J.
The facts presented in this contested probate proceeding are not.disputed. Decedent died on August 22, 1964 leaving an unattested holographic instrument dated July"21,1964 which is testamentary in nature.
*248 Decedent left him surviving two maternal aunts, one of whom is the proponent herein, and three first cousins, children of a predeceased paternal aunt. One of the cousins has filed objections to the probate and alternatively prays that, if probate be denied, letters of administration issue to his sister who is a legatee under the propounded instrument. The proponent also alternatively prays that, if probate be denied, letters of administration issue to her.
The proponent moves to dismiss the objections upon the ground that the contestant is not a distributee of decedent under article 3 of the Decedent Estate Law and not a proper person who may object to probate, as decedent’s maternal aunts are nearer in degree of relationship than he (a first cousin).
The issue presented is one of law requiring a construction of subdivision 7 of section 83 of the Decedent Estate Law as amended, effective March 1,1964, which reads as follows: “ 7. If there be no surviving spouse, and no children, and no representatives of a child, and no parent, and no brothers or sisters and no person legally representing brothers and sisters who shall have died, the whole shall descend and be distributed to the surviving grandparents of the deceased in equal shares; if there be no grandparents of the deceased, [none of the above classes survived in this case] then to the issue of the grandparents in the nearest degree of kinship to the deceased.” (Emphasis supplied.)
The contestant contends that the Legislature, in enacting the quoted subdivision of the statute, intended to include the issue of grandparents on both sides of decedent’s family in the nearest degree. It is urged by the contestant that the said language requires the division of estate assets into two equal parts and distribution in equal proportion to the issue of the maternal and paternal grandparents in nearest degree of kindship to the decedent. To adopt the contestant’s interpretation, it would be necessary to read into the statute words enlarging the class of distributees to include those nearest in degree to the ■grandparents of decedent on both sides of the family.
Legislative Document, 1963 No. 19, dated March 31, 1963, is the Second Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates. Page (81) 23 reads as follows: “ D. Intestate Distribution— Shares Distributable. The proposed statute is designed to modernize the division of the assets of an intestate decedent among his family * * * It is intended to concentrate the succession among the nearer and dependent relations of the decedent ”. (Emphasis supplied.) At page (82) 24, the *249 commission said: ^4. Where there is no surviving spouse, descendants, parents, brothers and sisters of their descendants, succession is limited to descendants of grandparents in equal degrees to the decedent.” (Emphasis supplied.)
The emphasized words indicate that the commission’s recommendation to the Legislature was designed to limit intestate succession among those “ nearer ” and of “ equal degree ” of relationship to decedent rather than, as contestant contends, to additional persons who are the nearest surviving issue of decedent ’s maternal aunt. The. commission further declared in its report on page (177) 119 under Appendix D: “ Under the proposal advanced here grandparents would take the entire estate as is the case at present. In default of grandparents, uncles and aunts would take the entire estate.” The recommendations of the commission lead to the enactment of subdivision 7 of section 83 of Decedent Estate Law (quoted supra). As indicated by a footnote to that subdivision, by the commission, its purpose ‘ ‘ is intended to avoid expensive, time consuming and often fruitless searches for distant relatives not expressly favored by deceased and thus simplify probate and administration proceedings.”
The fact cannot be overlooked that the language used by the Legislature in said statutory amendment points to the. issue of predeceased grandparents in the nearest degree of kinship to deceased. In order to adopt the contestant’s contention, the plain meaning of the language of subdivision 7 would have to be ignored and additional words read into that section so as to include all persons bearing a degree of kinship to all predeceased grandparents, and disregard the clear wording and intent of the statute, to wit, “in the nearest degree of kinship to the deceased ” (Decedent Estate Law, § 83, subd. 7). If the Legislature had intended to include as distributees persons of different degrees of relationship to the decedent, appropriate language to that effect would have been written into the statute. The interpretation of the statute urged by the contestant would result in incorporating the very difficulties which the Legislature sought to avoid — a frequently futile and costly search for remote next of kin on each side of a decedent’s family beyond those nearest in degree of relationship to him.
Except for a relatively short period between 1898 and 1905 no representation was admitted among collaterals after brothers and sisters descendants (L. 1898, ch. 319; Code Civ. Pro., § 2732, subd. 12). In 1905 the Legislature restored the limitation on representation which is derived from the time of Justinian (Matter of Davenport, 172 N. Y. 454, 457). In the *250 Davenport case, decided in 1902, when representation was permitted among collaterals, solely as to real property, the court disallowed the claims of first, second and third cousins to share as representatives of predeceased uncles and aunts in an estate consisting solely of personalty. The court held that the amendment was to be read in the light of all the provisions of section 2732 of the code rather than by subdivision 12 as then amended, and that decedent’s uncles, aunts, a nephew and niece were all of the third degree of relationship entitled to share to the exclusion of cousins, who were more remotely related to decedent. Since the 1929 amendment to the Decedent Estate Law, section 83 has been applicable to real as well as personal property.
The course in construing a statute may not add or take from a clear and positive legislative mandate (Matter of Russo v. Valentine, 294 N. Y. 338, 342), unless a literal construction would produce a result plainly contrary to that intended by the Legislature (Matter of Phillips v. Board of Educ. of City of N. Y., 81 N. Y. S. 2d 827, affd. 275 App. Div. 674). The court may not by implication supply in the statute a provision which appears to have been intentionally and purposefully omitted by the Legislature (Oneida Nat. Bank & Trust Co. of Utica v. Manikas, 10 Misc 2d 671). The intention of the Legislature must be given paramount consideration as to the spirit and purpose of the law and objects sought to be accomplished (Triborough Bridge & Tunnel Auth. v. Crystal & Son, 2 A D 2d 37, affd. 2 N Y 2d 961; Matter of Guardian Life Ins. Co. of America v. Chapman, 302 N. Y. 226). All other rules of construction are subordinate (Matter of Moskowitz v. La Guardia, 183 Misc. 33, affd. 268 App. Div. 918, affd. 294 N. Y. 830). All of these principles of statutory construction have application to, and are controlling upon the issue presented for determination.
The court accordingly construes subdivision 7 of section 83 of Decedent Estate Law, effective March 1, 1964, as limiting distribution of an intestate’s property, in the absence of surviving grandparents, to and among the issue of a predeceased grandparent or grandparents who are nearest in degree and equality of relationship to decedent. The persons nearest and in equal degree of kinship to decedent are his paternal aunts, Bertha Huber and Annie McEneany. The decedent’s maternal cousins therefore are not distributees of the decedent. The motion to dismiss the contestant’s objections to probate of the propounded instrument is therefore granted (Matter of Henesey, 3 Misc 2d 660, affd. 3 A D 2d 834).
The proof establishes that decedent was a resident of this State and at the time of execution of said writing was not with *251 out the State and was not a member of the Armed Forces or a mariner, and as the propounded instrument was not attested by any witness, probate thereof must be denied. The alternative relief prayed for by petitioner will be granted and letters of administration will issue to her upon qualifying according to law.